CENTURY DODGE, INC v CHRYSLER CORPORATION

Docket No. 81725. Submitted June 10, 1986, at Detroit. Decided September 9, 1986.

Plaintiff, Century Dodge, Inc., brought an action in the Wayne Circuit Court against defendant, Chrysler Corporation, seeking a declaratory judgment pursuant to the act regulating motor vehicle dealers, distributors and manufacturers to determine whether good cause existed for the establishment of a new dealership by the defendant. In response, defendant filed a motion for accelerated judgment, claiming that plaintiff was without standing to bring the action because it was not located within the statutorily defined "relevant market area" which encompasses the area within a radius of six miles of the intended site of the proposed dealership. The circuit court, John H. Hausner, J., denied the motion without prejudice. On June 21, 1984, defendant propounded its first request for admission of facts which included a request that plaintiff admit that its place of business was not located within the relevant market area. Plaintiff filed no response to the request within the ten-day time limit for such responses and on August 8, 1984, defendant filed a motion for summary judgment based upon a lack of a genuine issue of material fact. The circuit court granted the motion and further awarded statutory costs without specifying an amount. Thereafter, the circuit court granted defendant's request for the payment by plaintiff of defendant's bill of costs totaling $1,933.60, which included defendant's actual attorney fees, costs and expert fees. Plaintiff appeals from the order and judgment entered by the trial court.

The Court of Appeals *held:*

1. Summary judgment was properly granted because plaintiff

REFERENCES

Am Jur 2d, Attorneys at Law §§ 237-314.

Am Jur 2d, Costs §§ 1, 3, 72-86.

Am Jur 2d, Summary Judgment § 30.

Insured's right to recover attorneys' fees incurred in declaratory judgment action to determine existence of coverage under liability policy. 87 ALR3d 429.

See also the annotations in the Index to Annotations under Attorneys' Fees.

failed to initially show that it met the statutory requirements for filing a declaratory judgment action, i.e., that it was a new motor vehicle dealer within the "relevant market area."

2. The circuit court's award of costs was made without authorization by court rule or statute. The circuit court abused its discretion in awarding attorney fees, expenses, and the expert witness' fees.

3. There was no showing that the complaint was filed as a bad-faith pleading.

4. Defendant is entitled to statutory fees allowed by MCL 600.2441(2); MSA 27A.2441(2) and the case is remanded for entry of an order allowing costs pursuant thereto.

The order and judgment are affirmed in part and reversed and vacated in part. The case is remanded for entry of an order consistent with the opinion.

1. JUDGMENTS — SUMMARY JUDGMENT — ISSUE OF MATERIAL FACT — COURT RULES.

Summary judgment is properly granted to a defendant in a declaratory judgment action where, as a result of the plaintiff's failure to respond to a request for admissions, a fact issue necessary to meet the statutory requirements for the filing of the action was properly determined adversely to the plaintiff (GCR 1963, 117.2[3]).

2. COSTS — ATTORNEY FEES.

Attorney fees generally may not be awarded unless expressly authorized by either statute or court rule; the power to tax costs is wholly statutory, and in the absence of statutory authority, costs are not recoverable.

3. APPEAL — COSTS — ATTORNEY FEES.

The Court of Appeals reviews a trial court's decision to award or a refusal to award taxable costs and attorney fees for an abuse of discretion.

*Jack R. Penwarden,* for plaintiff.

*Edward H. Weeby,* for defendant.

Before: DANHOF, C.J., and CYNAR and J. M. BAT-ZER,* JJ.

PER CURIAM. Plaintiff appeals as of right from

* Circuit judge, sitting on the Court of Appeals by assignment.

the November 2, 1984, order and judgment of the Wayne Circuit Court which granted defendant's motion for summary judgment under GCR 1963, 117.2(3) and awarded defendant "costs of $1,933.60." We affirm the order and judgment in part, reverse and vacate them in part, and remand.

Plaintiff filed this declaratory judgment action under MCL 445.521 *et seq.;* MSA 19.856(1) *et seq.,* an act which regulates motor vehicle dealers, distributors, and manufacturers. Plaintiff filed the action in reliance upon MCL 445.1576; MSA 19.856(36) which provides in relevant part:

> (2) Before a manufacturer or distributor enters into a dealer agreement establishing or relocating a new motor vehicle dealer within a relevant market area where the same line make is represented, the manufacturer or distributor shall give written notice to each new motor vehicle dealer of the same line make in the relevant market area of its intention to establish an additional dealer or to relocate an existing dealer within that relevant market area.
>
> (3) Within 30 days after receiving the notice provided for in subsection (2), or within 30 days after the end of any appeal procedure provided by the manufacturer or distributor, a new motor vehicle dealer may bring a declaratory judgment action in the circuit court for the county in which the new motor vehicle dealer is located to determine whether good cause exists for the establishing or relocating of a proposed new motor vehicle dealer. Once an action has been filed, the manufacturer or distributor shall not establish or relocate the proposed new motor vehicle dealer until the circuit court has rendered a decision on the matter. An action brought pursuant to this section shall be given precedence over all other civil matters on the court's docket.

Plaintiff's complaint alleged that plaintiff received notice of defendant's intent to establish a new dealership and requested the circuit court to determine whether good cause existed for the establishment of the proposed dealership. In response, defendant filed a motion for accelerated judgment, claiming that plaintiff was without standing to bring the action because plaintiff was not within the statutorily defined "relevant market area." MCL 445.1566; MSA 19.856(26) defines "relevant market area" as

> the area within a radius of 6 miles of the intended site of the proposed or relocated dealer. The 6-mile distance shall be determined by measuring the distance between the nearest surveyed boundary of the existing new motor vehicle dealer's principal place of business and the nearest surveyed boundary line of the proposed or relocated new motor vehicle dealer's principal place of business.

On June 8, 1984, the circuit court denied the motion without prejudice.

On June 21, 1984, defendant propounded its first request for admission of facts which included a request that plaintiff admit that the distance between plaintiff's site of business and that of the proposed dealer exceeded six miles. Plaintiff filed no response within the ten-day limit as stated under GCR 1963, 312.1. Indeed, the affidavit of defense counsel filed in the court record reveals that defendant did not receive answers to the request for admissions until October 30, 1984.

On August 8, 1984, defendant filed a motion for summary judgment under GCR 1963, 117.2(3), for lack of a genuine issue of material fact for which defendant was entitled to judgment as a matter of law. Specifically, defendant claimed that plaintiff,

by failing to respond to the request for admissions, had admitted that the sites were not within a six-mile radius of each other and thus, they were not within the same "relevant market area." According to defendant, plaintiff failed to meet the requisite jurisdictional requirements of MCL 445.1576; MSA 19.856(36). After hearing argument on September 14, 1984, the circuit court agreed and orally granted the motion. The circuit court further awarded statutory costs without specifying an amount.

Although it is not entirely clear from the court file, it appears that the proposed order prepared by defendant awarded $470 in costs to defendant. The proposed order was submitted with a notice of presentment of order for entry of judgment on September 24, 1984. On October 2, 1984, plaintiff filed its objections to the entry of judgment.

On October 19, 1984, a hearing was held on defendant's request for costs and attorney fees. At the hearing defendant submitted a bill of costs totaling $1,568.16. Defendant claimed that it was entitled to actual attorney fees and costs for defending this "frivolous suit" under GCR 1963, 526.7(2). Defendant further claimed that it was entitled to expert fees, including preparation fees, under MCL 600.2164; MSA 27A.2164. The expert fees would cover the cost of hiring a surveyor to measure the distance between plaintiff's site and the site of the proposed dealership. The matter was adjourned by the circuit court to give plaintiff's attorney time to review the bill of costs and to respond to the argument raised under GCR 1963, 526.7(2).

On November 2, 1984, a final hearing was held in which defendant sought the payment of a bill of costs totaling $1,933.60. The circuit court granted the request for the entire amount of $1,933.60 for

the apparent reason that plaintiff, having filed the lawsuit without measuring the distance between the sites, had an obligation to prove that the proposed dealership was within six miles of its dealership. According to the circuit court, plaintiff's failure to establish the jurisdictional limit warranted the award. The circuit court did not refer to a specific court rule or to a specific statute when deciding the request.

Plaintiff's first argument on appeal is that summary judgment should not have been granted because a genuine issue of fact exists, i.e., whether good cause exists for the establishment of a new dealership. We disagree.

Summary judgment was properly granted because plaintiff failed to initially show that it met the statutory requirements for filing a declaratory judgment action, i.e., that it was a new motor vehicle dealer within the relevant market area. In light of plaintiff's failure to respond to the request for admission, the fact issue concerning the six-mile limit was properly determined adversely to plaintiff. Thus, we affirm the challenged order with respect to its ruling on the summary judgment motion.

Plaintiff next argues that the circuit court's award of costs was made without authorization by court rule or statute. We agree.

The record reflects that the circuit court initially granted statutory costs only. However, at the persistent urging of defense counsel, the circuit court ultimately awarded the entire amount of costs and expenses described in the bill of costs of $1,933.60. Defendant contended below as it does on appeal that GCR 1963, 526.7(2) authorizes an award of reasonable attorney fees and expenses for defending this frivolous lawsuit.

GCR 1963, 526.7(2) provides:

(2) In any case where it appears to the court that an affidavit of merits made therein for the purpose of preventing a summary judgment was not màde in good faith, but was made solely for the purpose of delay, the prevailing party shall be allowed as costs the amount of the reasonable expenses which the filing of the affidavit caused him to incur, including reasonable attorney's fees.

This subsection is explained in 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 84 as follows:

Sub-rule 117.2(3) authorizes the entry of summary judgment, on motion, when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A motion for summary judgment on this ground must be accompanied by supporting affidavits. Sub-rule 117.3. The party against whom the motion for summary judgment is made may serve "opposing affidavits." Sub-rule 117.3. The "opposing affidavit" seeks to establish the "merits" of the opposing party's claim or defense, in order to forestall the entry of summary judgment, and thus was known in former practice as an "affidavit of merits." See former Rule 30. Thus the reference in sub-rule 526.7(2) to costs for an "affidavit of merits" made in bad faith, means the "opposing affidavit" as provided in sub-rule 117.3.

If the affidavit of merits or opposing affidavit was not made in good faith, but was made solely for the purpose of delay, the prevailing party shall be allowed as costs, not only the statutory allowance of $20.00, *supra,* but also the amount of the reasonable expenses which the filing of the affidavit caused him to incur, including reasonable attorney's fees. Sub-rule 526.7(2). This provision is duplicated and re-enforced by sub-rule 116.5, which is made applicable to affidavits in connection with summary judgment by sub-rule 117.3. Sub-rule 116.5 further provides that the offending

party or attorney may be adjudged guilty of contempt for affidavits made in bad faith.

The former statute and court rule provided for a double motion fee as the penalty for an affidavit of merits made in bad faith. C.L. 1948, § 618.10(M.S.A. 27.990), former Rule 30(2). The new provision for the allowance as costs of the amount of reasonable expenses, including attorney's fees, should be a more realistic deterrent. The allowance of attorney's fees should be based upon the reasonable cost of such services in actual practice, and not upon some arbitrary schedule, if the deterrent force of the rule is to be realized.

After thoroughly reviewing the court file, we conclude that GCR 1963, 526.7(2) does not provide a basis for the award made in this case. We find no opposing affidavit by plaintiff in response to defendant's motion for summary judgment. The only affidavit related to plaintiff that we can find is an unsigned and undated affidavit of Walter Norris, President of Century Dodge, Inc., which plaintiff has attached to its appellate brief. The court file does not contain the original of Mr. Norris' affidavit. In any event, the circuit court did not grant the award because plaintiff filed an opposing affidavit in bad faith, but because plaintiff had failed to affirmatively show compliance with the six-mile requirement.

The general rule is that attorney fees may not be awarded unless expressly authorized by either statute or court rule. *Lockhart v Lockhart,* 149 Mich App 10, 13; 385 NW2d 709 (1986), and cases cited therein. Further, the power to tax costs is wholly statutory, and in the absence of statutory authority, costs are not recoverable. *Brown v Dep't of State Highways,* 126 Mich App 392, 396; 337 NW2d 76 (1983), and cases cited therein. We review a decision to award or a refusal to award

taxable costs and attorney fees for an abuse of discretion. *Egan v Detroit,* 150 Mich App 14, 28; 387 NW2d 860 (1986).

Having concluded that GCR 1963, 526.7(2) does not apply, we turn to the other court rules and statutes to determine whether the circuit court's award is justified. GCR 1963, 111.6 authorizes a circuit court to award the reasonable expenses, including reasonable attorney fees, incurred in proving or preparing to prove or disprove a fact if it appears at trial that any fact alleged or denied by a pleading should not have been alleged and the fact is disproved or proved depending upon the circumstances. This subsection is explained by 1 Honigman & Hawkins, *supra,* 1984 pocket part, p 77 this way:

> This provision was perpetuated through several revisions of the Court Rules, and re-numbered Rule 17 § 11 in 1945, in which form it remained until adoption of the 1963 Rules. There are no Committee Notes explaining sub-rule 111.6, but the parallel structure of the two provisions makes it clear that it was adapted from the earlier provision regarding unwarranted denials, expanded to include unwarranted allegations by a claimant. *This reaffirms the original intent to impose realistic costs, including actual attorney fees, as a deterrent to bad faith pleading.* Application of that objective to affirmative allegations as well as defensive pleading was a logical extension of the underlying policy.
>
> A recent Court of Appeals decision upholds the allowance of costs for attorney fees incurred in defending against an allegation of conspiracy which was made without any basis in fact. *Fredal v Forster,* 1967, 9 Mich App 215; 156 NW2d 606, 617. (Rehearing denied.) Another decision declared that the sanctions of Rule 111.6 are available with respect to a hearing on a motion for accelerated judgment because it is the "functional equivalent

of trial." *Minor v Michigan Educ Ass'n,* 1983, 127 Mich App 196; 338 NW2d 913. The court found that the sanction of attorney fees imposed by the trial judge was improper, however, because there was no authority for imposing them for taking an unwarranted position on the law. The sanction, the court explained, was designed to compensate the injured party for the unnecessary expense of proving *facts* that should not have been controverted.

The policy generally favoring the award of attorney fees for unwarranted factual allegations is now re-enforced by a number of specific corollaries, including sub-rule 116.5, as to bad faith affidavits in connection with motions for accelerated judgment or summary judgment (by reference from sub-rule 117.3); sub-rule 313.3, as to improper denial of requests for admissions, and sub-rule 816.5 as to vexatious appeals. Each of these provisions expressly includes reasonable attorney fees as a part of the sanction for improper practice. (See additional provisions listed in Author's Comments following sub-rule 526.1 Vol 3, at p 53.) If these provisions, along with sub-rule 111.6, are to achieve their stated objective, they should be liberally applied in cases where bad faith is shown, with an allowance of attorney fees realistically based on actual charges at prevailing rates. See Authors' Comments following Rule 312, Vol 2 at p 220.

An important limitation on the recovery of attorneys' fees under rule 111.6, however, was noted in *Reppuhn v Abell,* 1980, 97 Mich App 407; 296 NW2d 44. There a libel action had been dismissed by stipulation, with costs to be taxed against plaintiff. Defendant sought attorneys' fees under the authority of rule 111.6, but the court noted that by its own terms the rule is confined to situations in which it appears "at trial" that an allegation was unwarranted.

The award is not justified by this court rule because there is no showing that the complaint

was filed as a bad faith pleading. Indeed, the calculations of distance made by defendant's expert reveal that plaintiff was extremely close to the six-mile limit.

We next turn to GCR 1963, 526.1 which provides that "costs shall be allowed as of course to the prevailing party, except when express provision therefor is made either in a statute or in these Rules, or unless the court otherwise directs, for reasons stated in writing and filed in the cause." According to 3 Honigman & Hawkins, *supra,* p 49, this subsection refers to costs allowed by statute. Neither party has directed us to a specific statute which would allow recovery of the expenses and attorney fees awarded in this case. We find no statute which would apply. Thus, we conclude that the circuit court abused its discretion when it awarded attorney fees and expenses.

Defendant argued below that it was entitled to recover the costs associated with hiring its expert to calculate the distance between plaintiff's site and the proposed dealership site. Defendant has characterized that expense as "the fees of Chrysler's expert witness." It appears that the expert fees would refer to the May 25, 1984, expense of $320 and the July 23, 1984, expense of $150 described in the bill of costs.

Defendant's reliance upon *Fireman's Fund American Ins Cos v General Electric Co,* 74 Mich App 318; 253 NW2d 748 (1977), is misplaced. That Court upheld an award of the preparation fees incurred by the prevailing parties' expert witnesses as an item of costs under MCL 600.2164; MSA 27A.2164. *Id.,* p 329. However, a review of that statute reveals that it is expressly inapplicable to the instant case. MCL 600.2164(3); MSA 27A.2164(3) states that the statute does not apply to "witnesses testifying to the established facts, or

deductions of science, *nor to any other specific facts,* but only to witnesses testifying to matters of opinion." Defendant's expert witness was an engineer and land surveyor who performed services for defendant in order to establish a jurisdictional fact, i.e., compliance with the six-mile limit. Defendant's expert was not hired to testify concerning a matter of opinion. Thus, the statute does not apply by its own terms.

Defendant offers no other authority on which the award could be based. We find no statute or court rule which would authorize an award of these expenses. Thus, we conclude that the circuit court abused its discretion when it awarded the expert witness' fees.

Defendant is entitled to statutory fees allowed by MCL 600.2441(2); MSA 27A.2441(2). Thus, we reverse and vacate the judgment which awards costs of $1,933.60, and remand for entry of an order allowing costs as authorized under MCL 600.2441(2); MSA 27A.2441(2).

The order granting summary judgment is affirmed in part, and the order and judgment awarding costs of $1,933.60 are reversed and vacated. This case is remanded for entry of an order consistent with this opinion. No costs are allowed on appeal since neither side has prevailed in full.