*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

TREE CITY PROPERTIES LLC,

        Plaintiff-Appellant,

v

ERIC PERKEY and JULIE BATEMAN,

        Defendants-Appellees.

FOR PUBLICATION
March 7, 2019
9:00 a.m.

No. 339539
Washtenaw Circuit Court
LC No. 16-000938-AV

Before: M. J. KELLY P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals, by leave granted, the trial court's order affirming a district court judgment in favor of defendants. Because the lower courts both misinterpreted and misapplied the double penalty provision in MCL 554.613(2), we reverse and remand for entry of an amended judgment consistent with this opinion.

Plaintiff owns and manages several rental properties in Ann Arbor, Michigan. In May of 2013, defendant Perkey signed a lease to rent one of plaintiff's rental properties from September 1, 2013, through August 20, 2014. Pursuant to the lease, Perkey paid a $2,150 security deposit. In August of 2014, defendants signed a lease to rent the same property from August 20, 2014, through August 20, 2015, and Perkey's previous security deposit was transferred to the new lease. Defendants moved out of the rental property on or before August 20, 2015. Plaintiff's agent inspected the rental property after defendants' departure and thereafter sent defendants a letter claiming that that it was entitled to retain the entire $2,150 security deposit because of physical damage to the rental unit, unpaid utility bills, late fees, multiple check charges, and nonsufficient fund charges. Defendants objected to almost all of the charges that plaintiff proposed to make against the security deposit.

On October 2, 2015, plaintiff filed an "affidavit and claim" against defendants in the small claims division, seeking a judgment in the amount of $2,186.55. The matter was transferred to the general civil division of the district court and the parties reached a resolution on all issues, except for the late fees, the multiple check charges, and the nonsufficient fund charges, all of which totaled $1,480. On stipulated facts, the district court issued an opinion,

finding that plaintiff was not entitled to collect the late fees or the multiple check charges but was allowed to recover the nonsufficient fund charges of $90. Relevant to the instant matter, the district court further found that plaintiff, because it wrongfully withheld $1,390 from the security deposit, was subject to the double penalty provision of MCL 554.613(2). It thus entered a judgment directing plaintiff to pay defendants the $1390 and an additional $1390 penalty. Plaintiff appealed the judgment to the Washtenaw Circuit Court, arguing that that the double penalty provision was inapplicable. The circuit court disagreed and entered an order affirming the judgment.

On appeal, plaintiff now argues to this Court that the double penalty set forth in MCL 554.613(2) is inapplicable against a landlord who has complied with the provisions of MCL 554.613(1). We agree.

This Court reviews de novo questions of statutory interpretation. *Nason v State Employees' Retirement Sys*, 290 Mich App 416, 424; 801 NW2d 889 (2010). This Court also reviews de novo a trial court's application of a statute. *In re Wayne Co Treasurer*, 265 Mich App 285, 290; 698 NW2d 879 (2005).

The goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Tevis v Amex Assurance Co*, 283 Mich App 76, 81; 770 NW2d 16 (2009), lv den 485 Mich 926 (2009). The first criterion in determining legislative intent is the language of the statute. *Id.* If the language is clear and unambiguous, this Court must enforce the statute as written. *Id.* Words and phrases are to be given their plain and ordinary meaning, and this Court may consult a dictionary to determine that meaning. *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011). Further, "[a] statute must be read in conjunction with other relevant statutes to ensure that the legislative intent is correctly ascertained." *Potter v McLeary*, 484 Mich 397, 411; 774 NW2d 1 (2009) (citation omitted).

Neither this Court nor our Supreme Court has ever interpreted the double penalty provision in MCL 554.613(2). This is thus an issue of first impression.

The Landlord Tenant Relations Act (LTRA), MCL 554.601 *et seq.*, regulates relationships between landlords and tenants relative to rental agreements and the payment, repayment, and use of security deposits. "The act is intended to protect tenants, especially from the situation where a landlord surreptitiously usurps substantial sums held to secure the performance of conditions under the lease." *De Bruyn Produce Co v Romero*, 202 Mich App 92, 108; 508 NW2d 150 (1993) (citation and quotation marks omitted). To that end, MCL 554.605 provides:

> For the purposes of this act and any litigation arising thereunder, the security deposit is considered the lawful property of the tenant until the landlord establishes a right to the deposit or portions thereof as long as the bond provision is fulfilled, the landlord may use this fund for any purposes he desires.

In *Hovanesian v Nam*, 213 Mich App 231, 235; 539 NW2d 557 (1995), this Court explained:

> A landlord must satisfy certain requirements in order to retain a security deposit. If the tenant leaves a forwarding address within four days of terminating occupancy, the landlord must notify the tenant in writing of his intent to retain the deposit. He must provide an itemized list of damages or other obligations. MCL 554.609 []. The landlord who fails to comply with the notice requirement waives his right to retain the deposit. MCL 554.610 [].

If the landlord provides the tenant the itemized list of damages, the tenant has seven days to respond in writing and must indicate in detail any disagreement with the landlord's listed damages. MCL 554.612. This Court explained further in *Hovanesian* that, after giving written notice of its intent to retain the security deposit, to avoid waiver of the right to retain a security deposit, the landlord must commence an action for a money judgment under MCL 554.613. *Id*. at 236.

MCL 554.613 provides:

> (1) Within 45 days after termination of the occupancy and not thereafter the landlord may commence an action in a court of competent jurisdiction for a money judgment for damages which he has claimed or in lieu thereof return the balance of the security deposit held by him to the tenant or any amount mutually agreed upon in writing by the parties. A landlord shall not be entitled to retain any portion of a security deposit for damages claimed unless he has first obtained a money judgment for the disputed amount or filed with the court satisfactory proof of an inability to obtain service on the tenant or unless:
>
> (a) The tenant has failed to provide a forwarding address as required by [MCL 554.611]
>
> (b) The tenant has failed to respond to the notice of damages as required by [MCL 554.612]
>
> (c) The parties have agreed in writing to the disposition of the balance of the deposit claimed by the landlord.
>
> (d) The amount claimed is entirely based upon accrued and unpaid rent equal to the actual rent for any full rental period or portion thereof during which the tenant has had actual or constructive possession of the premises.
>
> (2) This section does not prejudice a landlord's right to retain any security deposit funds as satisfaction or partial satisfaction of a money judgment obtained pursuant to summary proceedings filed pursuant to chapter 57 of Act No. 236 of the Public Acts of 1961, as amended, being sections 600.5701 to 600.5759 of the Compiled Laws of 1948 or other proceedings at law. Failure of the landlord to comply fully with this section constitutes waiver of all claimed damages and makes him liable to the tenant for double the amount of the security deposit retained.

There is no dispute in this matter that plaintiff complied with the statutory notice requirements with respect to its intent to retain defendants' security deposit. It is also undisputed that plaintiff filed its claim to retain defendants' security deposit in the small claims court within the 45 day time frame required in MCL 554.613(1). The only disagreement in this matter is whether the lower courts erred in finding that plaintiff was liable to defendants for double the amount of the security deposit wrongfully retained. We find that they did.

The provision relied upon by the lower courts appears in subsection MCL 554.613(2) above, and holds a landlord liable to a tenant for double the amount of the security deposit retained if the landlord fails to "comply fully with this section." "This" is defined as a term "used to refer to the person or thing present, nearby, or just mentioned." The American Heritage Dictionary of the English Language (4th ed.). The term "this section" is plainly self-referential and is thus read to mean that compliance with MCL 554.613 is required and that it is the noncompliance with the requirements of *MCL 554.613(1)* that creates the double penalty liability set forth in MCL 554.613(2). The language is clear and unambiguous, the plain meaning of the statute reflects the legislative intent, and judicial construction is thus not permitted. See, *Univ'l Underwriters Ins Group v Auto Club Ins Ass'n*, 256 Mich App 541, 544; 666 NW2d 294 (2003).

The record reflects that Tree City complied with and did not violate MCL 554.613. Accordingly, because it complied with the strictures of MCL 554.613(1), the double penalty provision prescribed in MCL 554.613(2) plainly did not and does not apply.

We reverse and remand for entry of an amended judgment consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra