## MINK v MASTERS

Docket No. 146044. Submitted November 18, 1993, at Detroit. Decided March 21, 1994, at 9:35 A.M.

Robert E. Mink brought an action in the Wayne Circuit Court against Richard Masters and others, alleging and seeking damages for breach of contract, fraud, and other claims. The plaintiff filed a demand for a jury trial. The defendants filed a document entitled "Reliance on Plaintiffs' Jury Demand" instead of filing a jury demand of their own. After the defendants failed to comply with several orders compelling discovery, the court, J. Phillip Jourdan, J., entered a default judgment for the plaintiff as a sanction for the defendants' discovery abuses and conducted a hearing with respect to damages, which were awarded to the plaintiff. The defendants appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion by granting the default judgment as a sanction for the defendants' blatant refusal to comply with discovery requests and orders.

2. The trial court erred in conducting a hearing instead of a jury trial regarding the issue of damages. A default does not constitute a waiver of a jury trial in a civil action. Because withdrawal of a demand for a jury trial must be with the consent of all parties or their attorneys, once the plaintiff demanded a jury trial, the defendants did not have to do anything in order to preserve their right to a jury trial.

Entry of default judgment affirmed; case remanded for jury trial with respect to damages.

DOCTOROFF, C.J., concurring, stated that it was not necessary for the majority to decide as a matter of law that a defendant may rely upon the plaintiff's demand for a jury trial without

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 391, 392; Jury §§ 12, 57, 59, 88.

Rule or statute requiring opposing party's consent to withdrawal of demand for jury trial. 90 ALR2d 1162.

Judgment in favor of plaintiff in state court action for defendant's failure to obey request or order to answer interrogatories or other discovery questions. 30 ALR4th 9.

taking some affirmative action indicating its own wish for a jury trial inasmuch as the defendants in this case sufficiently preserved their right to a jury trial by filing a document that indicated their reliance on the plaintiff's jury demand.

1. Pretrial Procedure — Discovery — Remedies — Default Judgments.

A court contemplating a default judgment as a sanction for discovery abuses should consider whether a failure to respond to discovery requests extended over a substantial period, whether there was compliance with a court order directing discovery, the amount of time that elapsed between the violation and the motion for default judgment, and whether wilfulness was shown; the court must also evaluate on the record other available options before concluding that a default judgment is warranted; a default judgment should be employed only where there has been a flagrant and wanton refusal to facilitate discovery that was conscious or intentional, not accidental or involuntary (MCR 2.313[B][2][c]).

2. Jury — Demands for Jury Trial.

A demand for a jury trial may not be withdrawn without the consent of the parties or their attorneys; accordingly, where a plaintiff has filed a jury demand, the defendant need do nothing further to preserve its right to a trial by jury (MCR 2.508[D][3]).

*Hardy, Lewis, Pollard & Page, P.C.* (by *James R. Hand* and *Ann L. Vanderlaan*), for Robert E. Mink.

*Pentiuk, Miller & Waterman, P.C.* (by *Dennis H. Miller*), for Richard Masters, Albert Rogers, Richard Hartzell, All Pro Corporation, and Cooksey Group, Inc.

Before: Doctoroff, C.J., and Sawyer and C. J. Sindt,* JJ.

Sawyer, J. Defendants appeal from a default judgment entered in favor of plaintiff in the amount of $240,000 plus interest following defen-

* Circuit judge, sitting on the Court of Appeals by assignment.

dants' failure to comply with court orders compelling discovery. We affirm in part and reverse in part.

Defendants first argue that the trial court abused its discretion by entering a default judgment against them for failure to comply with discovery requests. We disagree. We review this issue to determine whether the trial court abused its discretion in entering the default judgment. *Frankenmuth Mutual Ins Co v ACO, Inc,* 193 Mich App 389, 396; 484 NW2d 718 (1992).

The court rules specifically authorize default judgment as a sanction for discovery abuses. MCR 2.313(B)(2)(c). However, it is a drastic measure and should be used with caution. *Frankenmuth, supra* at 396. Before imposing the sanction of default judgment, the trial court should consider whether the failure to respond to discovery requests extends over a substantial period, whether there was a court order directing discovery that was not complied with, the amount of time that elapsed between the violation and the motion for default judgment, and whether willfulness has been shown. *Id.* at 396-397. The court should also evaluate other options before concluding that a drastic sanction is warranted. *Id.* at 397. The sanction of default judgment should be employed only when there has been a flagrant and wanton refusal to facilitate discovery and not when failure to comply with a discovery request is accidental or involuntary. *Id.*

In the case at bar, plaintiff requested certain financial records of Cooksey Group, Inc., which request defendants failed to honor. Plaintiff filed a motion to compel production of the documents and, approximately two months after the initial request, the court held a hearing on the motion and granted the motion to compel and ordered

defendants to supply the documents and to answer interrogatories within thirty days. Defendants failed to comply with the order and, almost four weeks after the deadline, plaintiff filed a second motion to enforce the court's earlier order compelling defendants to produce the documents. Another hearing was held, and defendants were given an additional seven days after that hearing to supply the requested information. Defendants again failed to comply with the court's order and another motion was brought, the hearing on that motion being held two weeks after the deadline set in the second order. Following that hearing, the trial court granted the default judgment. Approximately 3½ months later, the court heard defendants' motion for reconsideration to set aside the default judgment, at which time defendants had still not complied with the discovery orders. Finally, we note that the court had specifically warned defendants in its second order that a failure to comply with the discovery request would result in the entry of a default judgment.

Under the facts of this case, we are not persuaded that the trial court abused its discretion in granting a default judgment as a sanction for failure to comply with discovery. Defendants were afforded a number of opportunities to comply with the discovery request and failed to do so and had even been warned that a failure to comply with the discovery request would result in a default judgment, yet they still chose not to comply with the discovery request. Under these facts, it was within the trial court's discretion to grant a default judgment for defendants' blatant refusal to comply with the discovery request and the court orders compelling compliance.

Next, defendants argue that the trial court erred in denying their right to a jury trial on the issue

of damages. We agree. A default does not constitute a waiver of a jury trial in a civil action. *Wood v DAIIE*, 413 Mich 573, 583-584; 321 NW2d 653 (1982). Thus, where it is necessary for the trial court to hold a hearing on the issue of damages, the defendant has a right to a jury trial if that right has been preserved even though the defendant has defaulted. *Id.* It is not suggested in this case that the trial court could determine damages without holding a hearing and, in fact, the trial court did hold a hearing on the issue of damages on October 11, 1991. The question is whether defendants properly preserved their right to a jury trial so as to afford them that right at the October 11 hearing.

In this case, plaintiff filed a demand for a jury trial and defendants filed a document entitled "Reliance on Plaintiffs' Jury Demand," but did not file their own separate jury demand. We believe that defendants' right to a jury trial was adequately preserved.

MCR 2.508(D)(3) provides as follows:

> A demand for trial by jury may not be withdrawn without the consent, expressed in writing or on the record, of the parties or their attorneys.

This rule clearly requires that a withdrawal of a jury demand must be with the consent of all parties or their attorneys, not just by those parties that filed a jury demand. That is, once one party has filed a jury demand, all other parties may rely on that jury demand and need not independently file their own demand for a jury trial. This interpretation of the court rule is consistent with the authors' comment in 3 Martin, Dean & Webster, Michigan Court Rules Practice, p 148:

> b. *Withdrawal.* If a timely demand for trial by

jury is filed by one of the parties, all of the parties
who are interested in the issues for which jury
trial has been demanded may rely on that demand
and need not make an additional demand of their
own. This point is emphasized by MCR 2.508
which provides that a demand for trial by jury
may not be withdrawn without the consent, ex-
pressed in writing or on the record, of all the
parties to the action interested in that issue.

Thus, where a plaintiff has filed a jury demand,
the defendant need do nothing further to preserve
its right to a trial by jury. Rather, any future
waiver of a jury trial by the plaintiff can only be
done with the defendant's consent.[1] Therefore, we
conclude that because defendants had a right to
rely upon plaintiff's demand for a jury trial, their
right to a jury trial was preserved absent their
own waiver of the right to a jury trial. Because, as
the Court explained in *Wood, supra,* a default
judgment does not constitute a waiver of the right
to a jury trial, defendants' default in the case at
bar did not constitute a waiver of that right.

Accordingly, absent an express waiver by defen-
dants of the right to a jury trial, the trial court
was obligated to honor defendants' right to a jury
trial on the issue of damages. The trial court,
therefore, erred in conducting a hearing instead of
a jury trial on the issue of damages. Therefore, we
set aside the trial court's judgment and remand
the matter to the trial court to conduct a jury trial
on the issue of damages.

The trial court's entry of a default judgment in
favor of plaintiff is affirmed, but the trial court's

[1] We note that although it appears to be a common procedure for a
defendant to file a "Reliance on Plaintiff's Jury Demand" as did the
defendants in the case at bar, that procedure is not required by the
court rules. Rather, under MCR 2.508, a defendant is entitled to rely
upon the plaintiff's demand for a jury trial without taking any
affirmative steps of its own.

determination of damages is reversed and the matter is remanded to the trial court for further proceedings on the issue of damages consistent with this opinion. We do not retain jurisdiction. No costs, no party having prevailed in full.

C. J. SINDT, J., concurred.

DOCTOROFF, C.J. *(concurring)*. Although I agree with the majority that, under the facts of this case, defendants adequately protected their right to a jury trial with respect to the issue of damages, I write separately because I believe it is both unnecessary and imprudent to extend the rule of law cited beyond the facts of this case.

The majority concludes that our Supreme Court's decision in *Wood v DAIIE*, 413 Mich 573; 321 NW2d 653 (1982), stands for the proposition that a default judgment does not constitute a waiver of the right to a jury trial. See *ante,* pp 246, 247. While I agree that *Wood* provides persuasive precedent for the conclusion reached in this case, I think the majority overstates the holding by concluding that *Wood* offers support for the broader conclusion that a defendant need do nothing to preserve a jury trial once the plaintiff demands a jury. See *ante,* p 247. The majority overlooks the important fact that in *Wood,* the defendant filed a jury demand of its own before the default. See *Wood, supra,* p 576. In fact, the Court made reference to the demand in concluding that DAIIE had preserved its right to a jury trial independent of the plaintiff's demand. *Id.,* p 582.

The Court in *Wood* carefully limited its holding when it stated:

We need not decide in this case whether a defaulting party who has failed to properly invoke

its right to a jury trial may do so on the issue of
damages after a default has been entered.

  We hold only that a defaulting party *who has
properly invoked his right to jury trial* retains
that right *if* a hearing is held to determine the
amount of recovery. [*Id.* at 583-584; emphasis
added.]

I do not believe it is necessary to decide, as a
matter of law, that a defendant may rely upon the
jury demand of an opposing party (or any other
party for that matter) without taking some affir-
mative action indicating that the defendant wishes
to have a jury trial. Rather, under the circum-
stances of this case, I believe that defendants have
sufficiently preserved their right to a jury trial
regarding the issue of damages by filing the "Reli-
ance on Plaintiffs' Jury Demand."

  The majority also places substantial reliance
upon the court rule governing withdrawal of a
jury demand. MCR 2.508(D)(3). However, we are
not faced with a withdrawal in this case. More to
the point is MCR 2.508(B)(1), which states that a
party may demand a jury by filing a "written
demand" within the time prescribed. I would con-
clude that defendants' filing of the "Reliance on
Plaintiffs' Jury Demand" was tantamount to a
written jury demand and that the defendants
thereby adequately preserved their right to a jury
trial with regard to the issue of damages. I further
believe that the majority's interpretation of the
court rule renders MCR 2.508(D)(1) meaningless.
That section states:

  A party who fails to file a demand or pay the
jury fee as required by this rule waives trial by
jury.

The rule does not make an exception for those

situations where a party presumes to rely upon another's demand, but fails to file a demand of its own or take any affirmative action to otherwise preserve the right to a jury trial.

I believe it is unnecessary for the majority to go beyond the facts at issue here. Rather, as did our Supreme Court in *Wood, supra,* I would limit the holding to the facts of this case.