# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN KREFT,

Plaintiff-Appellant,

v

DR. HEATHER COOK and ALPENA
SURGICAL ASSOCIATES, PLLC,

Defendants-Appellees

and

ALPENA REGIONAL MEDICAL CENTER,

Defendant.

UNPUBLISHED
September 17, 2015

No. 321860
Alpena Circuit Court
LC No. 12-004679-NH

Before: BOONSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order dismissing plaintiff's medical malpractice action for failure to comply with an earlier court order to pay $750 in costs for a discovery violation. We affirm.

On April 17, 2012, plaintiff filed a medical malpractice action against defendants, alleging a negligently-performed laparoscopic appendectomy in which plaintiff's appendix was purportedly removed by defendant Dr. Heather Cook only to be discovered nearly four months later still in place after plaintiff had continued to complain of severe abdominal pain. The merits of plaintiff's lawsuit are not at issue in this appeal. Pursuant to an amended scheduling order entered on July 24, 2012, all discovery was to be completed by February 28, 2013. On August 13, 2012, defendants filed a motion seeking entry of a qualified protective order, authorizing ex parte contact and communication with plaintiff's medical providers relative and limited to matters pertinent to plaintiff's medical malpractice action. Defendants indicated in the motion that plaintiff had not responded to repeated efforts to enter into a stipulation regarding the authorization issue. On August 31, 2012, a qualified protective order was entered concerning the matter pursuant to a stipulation executed by the parties.

On September 25, 2012, a stipulated order regarding written discovery was entered. The order stated that plaintiff would provide answers on or before October 11, 2012, to multiple sets

-1-

of interrogatories and document-production requests that had been previously served on plaintiff. The order further indicated that plaintiff would provide reasonable dates for his deposition, which was to be completed no later than October 31, 2012. In December 2012, defendants filed a motion to dismiss pursuant to MCR 2.313(B)(2)(c) (sanctions for failure to comply with discovery order), arguing that plaintiff had not submitted answers to the discovery requests that were the subject of the stipulated order until October 18, 2012, and that those late answers were also incomplete and failed to provide crucial requested information. Defendants additionally asserted that plaintiff's deposition had not yet taken place due to lack of cooperation by plaintiff's counsel. Defendants complained that strenuous repeated efforts to communicate with plaintiff's counsel to address the discovery failures, which violated the stipulated order of September 25, 2012, were unsuccessful. Following a hearing on defendants' motion to dismiss, the trial court denied the motion on January 17, 2013, and extended the discovery deadline to March 29, 2013.[1]

On August 12, 2013, defendants filed a motion to strike plaintiff's expert witnesses and his request for damages and to dismiss the case. Defendants maintained that, "[d]espite repeated requests, plaintiff refuses to cooperate in providing the necessary discovery." A hearing on the motion was conducted on September 3, 2013, and the trial court took the matter under advisement. The record reflects that the trial court also engaged in a telephone conference with the parties on September 26, 2013, with respect to defendants' motion. On November 5, 2013, the trial court, while not dismissing the case, entered an order requiring plaintiff to answer all written discovery requests that had been served on him by defendants, including a certain set of interrogatories and set of document-production requests that dated all the way back to May of 2013. The order also required plaintiff to execute and return authorizations for particular records and to reveal to defendants the name of a physician who had evaluated plaintiff in regard to further surgery in 2013. While the order did not expressly state that the answers to defendants' discovery requests were due on a certain date, the order extended discovery "for a period of 90 days from the date of September 3, 2013," which would have been December 2, 2013.

On February 12, 2014, defendants filed yet another motion to dismiss, the third thus far, once again arguing that plaintiff was failing or refusing to provide answers to discovery. Defendants contended that "[d]iscovery ha[d] again concluded without Plaintiff providing the necessary information and complying with the [trial] [c]ourt's orders." In plaintiff's answer to the motion, plaintiff's counsel, after indicating that there had been compliance with part of the trial court's order, stated:

> Plaintiff has not answered the Requests to Produce or Interrogatories referred [to] in the Order. This was a surprise to Plaintiff's counsel when he received the Defendants' Motion to Dismiss . . . . While much of the requested information has already been supplied, that is no excuse for not answering the Requests and Interrogatories. An unsigned copy of the Interrogatories will be

---

[1] The electronic record of the lower court proceedings does not contain any information reflecting the trial court's reasoning with respect to why it denied defendants' motion.

supplied by the time of the hearing and signed copies will follow shortly thereafter. It must be pointed out to the Court that had the slightest inquiry from Defense counsel relative to the Interrogatories been relayed to Plaintiff's counsel, the interrogatories would have been answer[ed] earlier. While it is not defense counsel's job to keep track of discovery and order dates for Plaintiff's counsel, an informal request would have led to earlier answers.

A hearing was conducted on defendants' motion on February 18, 2014, at which time plaintiff's counsel conceded that the set of interrogatories and document-production requests at issue should have been answered and that "[i]t was our fault" for not doing so. The trial court took the matter under advisement. On March 11, 2014, the trial court entered an opinion and order with respect to defendants' third motion to dismiss for discovery violations. The trial court ruled as follows:

> Both parties have filed Affidavits giving their version of the events leading up to this motion. It is clear from the Affidavits that the interrogatories and requests to produce were sent during the third week of May, 2013. Some discovery was supplied incrementally between the due date expressed in the rules and February 17, 2014. It is clear that the discovery that was supplied later may have deprived Defendants from having a meaningful deposition of Plaintiff in January, 2014. It is equally clear that the Plaintiff has not strictly adhered to the rule of full, fair, and prompt discovery of certain materials.

> This Court however is bound to consider lesser sanctions than dismissal as the case law requires. This Court finds the failure to permit discovery has not prejudiced the Defendants so severely as argued. It is therefore the ORDER of this Court that the Plaintiff pay the sum of $750.00 costs to Defendants. This Court FURTHER ORDERS that the discovery period shall be reopened for 60 days from the date of this Order. *Failure of Plaintiff to pay the financial sanction within 30 days of this Order shall result in a dismissal.* [Emphasis added.]

Consistent with plaintiff's pattern of not complying with discovery orders, plaintiff failed to pay the $750 within the 30-day period set forth in the order. On April 16, 2014, defendants, relying on MCR 2.504(B)(1) (involuntary dismissal for failure to comply with court order), filed their fourth motion to dismiss based on plaintiff's failure to pay the $750 as ordered by the trial court. In a response brief, plaintiff argued:

> April 17, 2014 was the first time that Plaintiff's counsel saw the Opinion and Order [regarding the required $750 payment]. Attached as Exhibit 1 is an affidavit by Plaintiff's counsel attesting to this fact. Further, another affidavit from Plaintiff's counsel's assistant is attached as Exhibit 2, which states she had not seen the Opinion and Order prior to receiving the Motion to Dismiss.

> As noted, Plaintiff Counsel first learned of the Opinion and Order on April 16th at Dr. McQuiston's deposition. The first thing he did the following morning was call the Clerk's office in an attempt to obtain the order. Also, a letter was written and faxed to this Court explaining the situation . . . . This was done before

Plaintiff's counsel found out that the Motion to Dismiss had been filed. Upon finding out that the Motion had been filed, the Plaintiff drafted, filed and served the present Response. Additionally, the Plaintiff immediately, on April 17, overnighted a check to the Defendants for $750.00.

Plaintiff's counsel would not jeopardize this lawsuit by intentionally ignoring this Court's Order. Further, despite an extensive search in Plaintiff's scanned documents and a thorough review of the hardcopy backup therefore, the Opinion and Order could not be found. Once such an order had been received the payment would have immediately been made. This is exactly what was done once Plaintiff was made aware of the Order. As such, this meritorious case should not be dismissed.

This was the full extent of plaintiff's answer to defendants' motion to dismiss. Plaintiff did not argue any law concerning factors to consider before imposing the sanction of dismissal, such as lack of prejudice.

On April 21, 2014, a hearing was held on defendants' fourth motion to dismiss. From the remarks made by the trial court at the hearing, it was extremely evident that the court did not believe plaintiff's counsel's claim that his office never received the order containing the requirement to pay defendants $750 within 30 days for the discovery violations. When plaintiff's counsel stated his belief that his office had not received the order, the trial court responded, "Well, I believe you did[.]"[2] The trial court also noted, "You know, I think you'd be the first party to show up in this court in my five years on the bench that indicated that it didn't get something from this court." The following colloquy then took place at the hearing between the trial court and plaintiff's counsel:

*Counsel.* I was mortified when I found out there was an order from this Court that had told us to do something we didn't do . . . . It's a high priority thing.

*Court.* Well, the order to compel [discovery]. How mortified were you then?

*Counsel.* Yeah, well, that's what I mean. Yeah, I know.

*Court.* That the interrogatories went out in June [actually May] –

*Counsel.* On top of this, yeah.

*Court.* – and you didn't answer the bell in October.

---

[2] Plaintiff's counsel conceded that he had received a status conference notice sent by the trial court on March 11, 2014 – the same day that the order at issue was entered; defendants received the court's order.

Plaintiff did not argue lack of prejudice or any other reason as a basis to reject dismissal of the action, aside from the claim that the order had never been received. The trial court took defendants' motion under advisement.

On May 1, 2014, the trial court entered an opinion and order granting defendants' motion to dismiss under MCR 2.504(B)(1). The trial court recited the applicable caselaw regarding sanctions and factors to consider in determining whether dismissal of an action is warranted. The trial court then found that plaintiff "ha[d] not offered good cause for failing to pay the costs timely" and that the failure to pay "constitute[d] a willful violation." The trial court next observed that plaintiff's "failure to comply with previous court orders ha[d] significantly prejudiced the Defendants." The trial court detailed the history of plaintiff's failures to comply with discovery requests and related orders compelling discovery, dating back to 2012, as well as the multiple motions to dismiss filed by defendants as forced by plaintiff's failures. The trial court concluded that a lesser sanction "would not serve the interests of justice," especially given that a lesser sanction had previously been imposed. The trial court acknowledged that dismissal is a drastic sanction that should be imposed cautiously, but it found that dismissal here was "just and proper" under the circumstances presented. Plaintiff appeals as of right.

On appeal, plaintiff argues that the affidavits submitted below by plaintiff's counsel and counsel's administrative assistant established that the trial court's order regarding the $750 discovery penalty had never been received and that the court abused its discretion in failing to consider the affidavits. Plaintiff also contends that there is no support for the trial court's conclusion that the failure to timely pay the $750 constituted a willful violation. Plaintiff further maintains that the trial court did not address the issue of prejudice, that there was no prejudice under the circumstances, that the court failed to consider that plaintiff's counsel attempted to and indeed cured the defect by paying the $750, and that, instead of dismissing the action, the court should have contemplated imposing a sanction solely against plaintiff's counsel in order to better serve the interests of justice.

"A trial court's dismissal of a case for failure to comply with the court's orders is . . . reviewed for an abuse of discretion." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes. *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006).

MCR 2.504(B)(1) provides that "[i]f a party fails to comply with . . . a court order, upon motion by an opposing party, or sua sponte, the court may enter a . . . dismissal of the noncomplying party's action or claims." "Dismissal is a drastic step that should be taken cautiously." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). Prior to imposing the sanction of dismissal, the trial court must carefully evaluate all available options and "conclude that the sanction of dismissal is just and proper." *Id.* In *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 631; 750 NW2d 228 (2008), this Court stated that the following factors are to be considered when considering the sanction of dismissal under MCR 2.504(B)(1):

> "(1) whether the violation was willful or accidental; (2) the party's history
> of refusing to comply with previous court orders; (3) the prejudice to the opposing
> party; (4) whether there exists a history of deliberate delay; (5) the degree of

compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice." [Citation omitted.[3]]

We initially question the strict application of the dismissal-sanction factors to the case at bar, considering that the order that was violated specifically and unequivocally provided that the case would be dismissed if the $750 payment was not made within 30 days. This was not a case where a party simply failed to comply with a general court order that made no mention of the possibility of dismissal as a sanction for noncompliance. In *Mink v Masters*, 204 Mich App 242, 244-245; 514 NW2d 235 (1994), this Court acknowledged the dismissal-sanction factors and the principle that dismissal or default is a drastic measure, but the panel then ruled, absent analysis of the factors, as follows:

> Under the facts of this case, we are not persuaded that the trial court abused its discretion in granting a default judgment as a sanction for failure to comply with discovery. Defendants were afforded a number of opportunities to comply with the discovery request and failed to do so and *had even been warned that a failure to comply with the discovery request would result in a default judgment*, yet they still chose not to comply with the discovery request. Under these facts, it was within the trial court's discretion to grant a default judgment for defendants' blatant refusal to comply with the discovery request and the court orders compelling compliance. [Emphasis added.]

Further, with respect to the dismissal-sanction factors, while plaintiff's argument below necessarily spoke to the issues of willfulness and curing the defect, plaintiff did not cite, analyze, or discuss the governing caselaw or authorities regarding the factors, nor did plaintiff make any claims concerning prejudice, the imposition of lesser sanctions, the history of delays, and compliance with previous orders. "Issues raised for the first time on appeal are not ordinarily subject to review." *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993); see also *Green v Ziegelman*, 282 Mich App 292, 300-301; 767 NW2d 660 (2009) ("An issue is not properly preserved for appeal if not raised in the circuit court, and we need not address arguments first raised on appeal."). Accordingly, we need not consider plaintiff's arguments concerning such matters as prejudice and whether lesser sanctions would have better served the interests of justice. Moreover, assuming proper preservation, reversal is not warranted in regard to the dismissal-sanction factors as explained below.

The thrust of plaintiff's argument in the trial court and on appeal is that the order was never received by plaintiff's counsel, as conclusively evidenced by counsel's affidavit and the affidavit of his administrative assistant; therefore, there was no willful violation of the order. First, willfulness is but one of the dismissal-sanction factors. And more importantly, the trial

---

[3] This list of factors is not to be considered exhaustive. *Vicencio*, 211 Mich App at 507. Hereafter, we shall refer to the factors as the "dismissal-sanction factors."

court was free to disbelieve plaintiff's affidavits and assertions. See *In re Parole of Haeger*, 294 Mich App 549, 579; 813 NW2d 313 (2011) ("[T]here is no abuse of discretion when a court or a fact-finder faced with conflicting information makes a reasonable and principled decision regarding which side to believe."). Plaintiff's counsel had received a notice delivered by the court regarding another matter that was dated the same day as the order at issue, and counsel admitted at the hearing on the final motion to dismiss that the court had counsel's correct address. Further, defendants received the order and were fully aware of the court's ruling. There is no indication in the record that any other papers served on the parties by the court during the litigation had not been received by plaintiff. Additionally, it is clear that the trial court did not place any trust in counsel's claims given the past pattern of conduct in failing to comply with discovery deadlines and orders. The motion that resulted in dismissal was the *fourth* motion filed by defendants seeking dismissal for discovery violations and noncompliance with court orders. Plaintiff's counsel's partial excuse that he would have complied with one of the court's discovery orders had defense counsel inquired about answers to interrogatories and document-production requests is nonsensical, as was counsel's indication that it was a "surprise" to him that discovery requests had not been answered. At one of the hearings, plaintiff's counsel argued that he had orally provided some requested discovery information to defense counsel, as if that would suffice, but he then agreed with the trial court that defendants were entitled to formal answers. On this record, we are not prepared to reverse the trial court's rejection of plaintiff's excuses for not timely paying the $750, nor the court's conclusion that the violation was willful, which conclusion could reasonably be inferred in light of all the surrounding circumstances. Plaintiff's argument that it defies logic and make no sense for plaintiff's counsel not to have timely paid the $750 had the order truly been received carries no weight with us, just as it left the trial court unconvinced of plaintiff's claims; the failure to comply with discovery requests and other court orders was also illogical.

With respect to the issue of prejudice, the late payment of the $750, *if viewed in a vacuum*, was not prejudicial, but the trial court plainly expressed that it was the accumulation of previous discovery violations over a significant period of time on top of the latest violation that ultimately resulted in prejudice. And plaintiff makes no effort on appeal to dispute that reasoning or logic. With respect to whether lesser sanctions would have better served the interests of justice, we find guidance from and quite fitting the following holding by this Court in *Bass v Combs*, 238 Mich App 16, 35-36; 604 NW2d 727 (1999), overruled in part on other grounds in *Dimmitt & Owens Fin, Inc v Deloitte & Touche (ISC), LLC*, 481 Mich 618; 752 NW2d 37 (2008):

> We do not accept plaintiff's suggestion that the trial court could not resort to the severe sanction of dismissal without first having imposed a "trail of lesser sanctions." Judge Howard's extended tolerance of plaintiff's inadequate discovery responses did not deprive him of the authority . . . to eventually determine that plaintiff's disregard of her discovery obligations over the course of more than one year at last warranted the ultimate sanction of dismissal. In light of plaintiff's repeated discovery failures, we find no abuse of discretion by Judge Howard in reaching the decision that the dismissal of plaintiff's case best served the interests of justice. [Citations omitted.]

Such reasoning is equally applicable under the comparable circumstances presented here. The history of plaintiff's failures to comply with discovery obligations and orders, including plaintiff's counsel's self-acknowledged shortcomings, support the trial court's ruling. In sum, the trial court did not abuse its discretion in granting defendants' motion to dismiss plaintiff's medical malpractice action under MCR 2.504(B)(1).[4]

Affirmed. Having fully prevailed on appeal, defendants are awarded taxable costs under MCR 7.219.

/s/ Mark T. Boonstra
/s/ William B. Murphy
/s/ Jane E. Markey

---

[4] We note that plaintiff's lawsuit would have likewise been properly dismissed under MCR 2.313(B)(2)(c), which pertains more specifically to violations of court orders in the context of discovery, as opposed to court orders in general, which is covered by MCR 2.504.