# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Estate of JAMES ALLEN GOFF.

---

CASSANDRA S. WELLS, as Personal
Representative of the Estate of JAMES ALLEN
GOFF,

UNPUBLISHED
April 5, 2016

Plaintiff-Appellant,

v

No. 324965
Grand Traverse Circuit Court
ANDREW MICHAEL BONTRAGER,
LC No. 2014-030237-NI

Defendant-Appellee.

---

Before: SERVITTO, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order dismissing her complaint with prejudice pursuant to MCR 2.313(B)(2) for failure to provide discovery. We reverse and remand.

Plaintiff brought a wrongful death action as personal representative of the estate of James Allen Goff, her son. Plaintiff alleged that on July 10, 2012, the decedent died as a result of injuries sustained when the motorcycle he was operating collided with the vehicle driven by defendant. Plaintiff asserted claims of economic and noneconomic damages. Defendant sought discovery of documentation supporting plaintiff's claim of economic loss, such as medical records and tax returns. Defendant also sent plaintiff interrogatories concerning her lay and expert witnesses. When plaintiff failed to adequately respond to these requests, defendant moved to compel discovery. Plaintiff did not file a response to that motion or attend the hearing on defendant's motion to compel. Consequently, the trial court entered an order compelling plaintiff to supplement her prior discovery answers and provide defendant his requested documentation or to provide properly executed release forms.

When plaintiff did not adequately respond to the order, defendant moved to dismiss plaintiff's complaint pursuant to MCR 2.313(B)(2), asserting that plaintiff had failed to obey the trial court's discovery order. After an hour-long hearing, the trial court determined that plaintiff had failed to obey the order and had "systematically thwarted" defendant's attempt at discovery. Accordingly, the trial court dismissed the matter with prejudice.

-1-

We review "a dismissal of a case for failure to comply with a court order for an abuse of discretion." *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *D'Alessandro Contracting Group, LLC v Wright*, 308 Mich App 71, 76; 862 NW2d 466 (2014).

When a party fails to obey an order to provide discovery, MCR 2.313(B)(2)(c) allows courts to order sanctions, including dismissing the action. However, dismissal is a drastic sanction, and the trial court should carefully consider all options on the record before deciding that it is appropriate. *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). "The sanction of default judgment[, which is as harsh as dismissal,] should be employed only when there has been a flagrant and wanton refusal to facilitate discovery and not when failure to comply with a discovery request is accidental or involuntary." *Mink v Masters*, 204 Mich App 242, 244; 514 NW2d 235 (1994). Courts should consider certain factors when determining an appropriate sanction, including: (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with discovery requests; (3) the prejudice to the other party; (4) the party's compliance with other provisions of the order; and (5) whether a lesser sanction would better serve the interests of justice. *Bass v Combs*, 238 Mich App 16, 26-27; 604 NW2d 727 (1999), overruled in part on other grounds by *Dimmit v Owens Fin, Inc v Deloitte & Touche (ISC), LLC*, 481 Mich 618, 628; 752 NW2d 618 (2008).

Plaintiff argues that the trial court abused its discretion by dismissing her case. We agree.

Defendant sent his first interrogatories and request for production of documents to plaintiff on May 21, 2014. He followed with lay and expert witness interrogatories and a second request for production on July 1, 2014, second interrogatories and a third request for production on July 2, 2014, and a first request to admit to plaintiff (with accompanying interrogatories) on August 7, 2014. When plaintiff's responses to the first interrogatories and request for production were incomplete, and plaintiff failed to respond to the July 1, 2014 requests, defendant obtained an order from the court (dated September 7, 2014) compelling plaintiff to provide several categories of discovery materials by September 21, 2014, including a list of decedent's medical providers, copies of decedent's tax returns or executed IRS forms allowing the records to be released to defendant, documentation supporting any alleged economic loss, plaintiff's hired accident reconstructionist's entire file, and evidence concerning anyone dependent upon decedent.

Defendant thereafter submitted his second request for admissions to plaintiff (with interrogatories and requests for production) on September 19, 2014. Within two weeks, defendant moved for sanctions, including dismissal against plaintiff, contending that plaintiff had failed to comply with the trial court's September 7, 2014 order compelling the production of discovery materials. Prior to the hearing on the above motion, defendant submitted a third request for production to plaintiff, and a separate third request for admissions, with interrogatories and a request for production of documents. In sum, within a three-month period, defendant had submitted no less than seven separate discovery requests to plaintiff and filed two motions for sanctions against her.

At the hearing on defendant's motion for sanctions/dismissal, counsel indicated at the outset that they had resolved most of their differences. However, when defense counsel asked about a 45-day extension of discovery, settlement conference, and trial, stating that he did not believe there would be an agreement concerning discovery without the extension, the trial court indicated that that it was not inclined to grant an extension. The trial court then began an inquiry into the missing discovery, apparently having conclusively decided that an extension would not be permitted.

Plaintiff attributed some of her discovery shortcomings to the fact that although she is the personal representative of her son's estate, her son was thirty years old when he passed away and they did not reside together. For example, plaintiff indicated that she provided medical authorizations for the release of decedent's medical records, but stated that concerning defendant's request for any and all medical records for decedent from age 15 to his death, plaintiff could not provide his medical history or medical providers as she was personally unaware of this information. Defendant, however, pointed out that when he obtained information concerning decedent's medical treaters on his own, plaintiff still did not provide signed medical releases concerning the identified providers. As to the request for anticipated lay and expert witness testimony, plaintiff's counsel stated that he had no idea what people at the scene would testify to and that he has given defendant everything in his file. Plaintiff also indicated that she did not receive certain requests, or provided answers to discovery requests at dates earlier than the day before the motion hearing, as asserted by defendant, which was controverted by the record in some instances. Moreover, the majority of responses that had been received by defendant were unsigned.

Given plaintiff's nonchalant approach to the discovery order and discovery in general, we can understand defense counsel's frustration. Defense counsel has attempted to zealously defend his client and obtain all discovery he believes necessary to do so, a task made more difficult because plaintiff was a Florida resident and decedent was a Florida resident with his medical providers, employment information, etc., presumably also located in Florida. Due to plaintiff's lack of timeliness and completeness with respect to discovery responses, some sanction is undoubtedly in order. Nevertheless, when considering a harsh sanction such as dismissal, a trial court is to consider (among other things) whether a lesser sanction would better serve the interests of justice. *Bass*, 238 Mich at 26-27. The trial court considered no other available options in this case. This is particularly concerning when we take into account that all counsel indicated prior to the start of the hearing that they had reached an agreement concerning the discovery, so long as the trial court would grant a 45-day discovery extension to allow sufficient time for receipt of the relevant materials. The trial court declined, stating at one point that the case was old and that although it had the time to do so, it would not "wet nurse" the case along. We note that this case was filed on March 12, 2014, and the trial court dismissed it on October 28, 2014. It was not, then, as though the case had been languishing uneventfully for a significant period of time.

The trial court also made no specific finding that plaintiff's failure to provide discovery materials was willful nor did it, considering that the first discovery request was made on May 21, 2014, and the case dismissed less than five months later, appear to contemplate plaintiff's history of compliance with discovery requests. See, *Bass*, 238 Mich App at 26-27. The trial court indicated that it was dismissing plaintiff's case as a "sanction for fundamentally obstructing

discovery at every step" but also stated it could not believe that plaintiff "didn't make more of an effort to comply with the requirements." Throughout the hearing, the trial court appeared to become more frustrated with counsel for each of the parties, which is understandable due to their dispute over what was sent and what was received by each, but it may have distracted the trial court from focusing on considering the relevant factors in fashioning an appropriate sanction.

Reversed and remanded for proceedings not inconsistent with this opinion. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien