# STATE OF MICHIGAN

# COURT OF APPEALS

ANDY J. EGAN CO., INC.,

        Plaintiff/Counter-Defendant-
        Appellant/Cross-Appellee,

v

PRO SERVICES, INC., and MICHAEL
VANDEMAELE, JR.,

        Defendants/Counter-Plaintiffs-
        Appellees/Cross-Appellants.

UNPUBLISHED
June 19, 2018

No. 336358
Oakland Circuit Court
LC No. 2010-114555-CK

Before: CAMERON, P.J., and FORT HOOD and GLEICHER, JJ.

FORT HOOD, J. (*dissenting in part and concurring in part*).

I respectfully dissent from the majority's conclusion that vacating the trial court's judgment as to Pro Services and remand for further proceedings is necessary in this case. This appeal and cross-appeal followed (1) not one, but two, lengthy jury trials that encompassed highly complex factual issues and resulted in the expenditure of considerable trial court resources, (2) as well as a lengthy evidentiary hearing on the issue of attorney fees that spanned several days. In one fell swoop, the majority has wiped out the capable factual determinations and damage awards of two separate juries in both trials, as well as the trial court's well-reasoned decision with respect to the attorney fees awarded in this case. In my opinion, the trial court's reliance on *Mink v Masters*, 204 Mich App 242; 514 NW2d 235 (1994) in denying the motion of plaintiff/counter-defendant Andy J. Egan Co., Inc. (Egan) to strike the jury demand of defendant/counter-plaintiff Pro Services, Inc. (Pro Services) was reasonable under the particular circumstances of this case. I would affirm the trial court's judgment in all respects.

In *Mink*, this Court, interpreting the language of MCR 2.508(D)(3), held that the court rule required the consent of all parties before a jury demand could be withdrawn, as opposed to just the consent of the party filing the jury demand. *Mink*, 204 Mich App at 246. Accordingly, this Court stated that "[o]nce one party has filed a jury demand, all other parties may rely on that jury demand and need not independently file their own demand for a jury trial." *Id*. at 247. The *Mink* Court recognized, "[t]hus, where a plaintiff has filed a jury demand, the defendant need do nothing further to preserve its right to a trial by jury. Rather, any future waiver of a jury trial by the plaintiff can only be done with the defendant's consent." *Id*.

-1-

Therefore, we conclude that because defendants had a right to rely upon plaintiff's demand for a jury trial, their right to a jury trial was preserved absent their own waiver of the right to a jury trial. . . .

Accordingly, absent an express waiver by defendants of the right to a jury trial, the trial court was obligated to honor defendants' right to a jury trial on the issue of damages. [*Id.*]

I acknowledge that in this case, unlike the defendants in *Mink*, Pro Services did enter into the subcontractor agreements which allow for waiver of its right to a jury trial. However, at the time that the trial court decided Egan's motion seeking to strike Pro Services' jury demand, Pro Services had filed an amended counter-claim alleging that Egan's failure to perform pursuant to the terms of the subcontract agreements had resulted in an abandonment of the contracts altogether. Additionally, Pro Services had requested that the trial court order the contractual agreements void. Accordingly, whether the parties' dispute was indeed subject to a jury waiver was an open question at the time the trial court addressed this issue. Moreover, as Pro Services points out in its brief on appeal, where Egan sought to recover against defendant/counter-plaintiff Michael VandeMaele, Jr. personally for a violation of the Michigan Builder Trust Fund Act (MBTFA), MCL 570.151 *et seq.*, and under a conversion theory, the issues that were being adjudicated with respect to the breach of contract claims that Egan and Pro Services filed against each other were essential to VandeMaele's defenses against Egan, and needed to be determined before VandeMaele's liability could be decided. Put another way, the issues for which VandeMaele demanded a jury trial were very much entwined with the issues pertaining to the liability of both Pro Services and Egan. Particularly where the trial court's ruling reflected its concern that all of the claims in this complex and lengthy case, which were all based on the same facts, be considered by the jury together to promote judicial economy and clarity for the jury, I am simply not persuaded that the trial court's decision to allow Pro Services to rely on VandeMaele's jury demand was erroneous and warrants reversal.

With regard to Egan's MBTFA claims, while I disagree with the majority's determination that the trial court erred in submitting Egan's MBTFA claim against Pro Services to the jury and that remand is required, I concur with the majority opinion's conclusion that the trial court properly denied Egan's motion for judgment notwithstanding the verdict (JNOV) regarding its MBTFA claim against VandeMaele.

/s/ Karen M. Fort Hood

-2-