Per Curiam.
 

 In this statutory conversion action, plaintiff appeals as of right from a default judgment entered by the circuit court against defendant. We affirm.
 

 In October 1997, plaintiff filed a civil complaint, including a timely demand for a jury trial. When defendant failed to file an answer, a default judgment was entered in plaintiffs favor. The court denied defendant’s subsequent motion to have the default judgment set aside. During the next sixteen months, at five separate proceedings, evidence was presented to the court on the issue of damages. Dining this time, neither party objected to the proceedings, and both actively and vigorously participated in presenting their cases to the court. Before the entry of the default judgment, defendant had paid $166,000 in restitution to plaintiff. The trial court awarded plaintiff
 
 *106
 
 an additional $6,291 plus interest. Subsequently, the court denied plaintiff’s motion for reconsideration.
 

 Plaintiff first argues that the trial court erred in denying its motion for reconsideration. Plaintiff asserts that because it never explicitly withdrew its original demand for a jury trial, the court erred in proceeding with a bench trial on the issue of damages. We disagree.
 

 The right to a jury trial in a civil action is permissive, not absolute. Const 1963, art 1, § 14;
 
 McKinstry v Valley Obstetrics-Gynecology Clinic, PC,
 
 428 Mich 167, 183; 405 NW2d 88 (1987). MCR 2.508 sets forth the procedures to be followed by a party making a demand for a jury trial in a civil case. MCR 2.001. Plaintiff followed these procedures, making a proper demand for a jury trial in its two-count complaint. Plaintiff’s general jury demand was for all facts and issues involved, which would necessarily include the issues of liability and damages. See
 
 Wood v DAIIE,
 
 413 Mich 573, 582; 321 NW2d 653 (1982). Defendant was entitled to rely on plaintiff’s jury demand.
 
 Mink v Masters,
 
 204 Mich App 242, 246; 514 NW2d 235 (1994). Pursuant to MCR 2.603(B)(3)(b), defendant’s default on the issue of liability did not extinguish either party’s right to a jury trial on the issue of damages.
 
 Mink, supra
 
 at 246-247. Once the right to trial by jury was secured, plaintiff needed defendant’s consent to waive or withdraw the right to have the jury hear and decide the issue of damages. MCR 2.508(D)(3);
 
 Mink, supra
 
 at 247. Defendant does not argue on appeal that she did not agree to have the issue of damages decided by the court.
 

 
 *107
 
 Both MCR 2.508(D)(3) and MCR 2.509(A)(1)
 
 [1]
 
 specify that once a proper demand for a jury trial has been made, an agreement of the parties to have all or some of the issues tried by the court must be expressed “in writing or on the record . . . .” Resolution of plaintiff’s first issue on appeal turns on how this six-word phrase is to be read. “The construction and interpretation of court rules is a question of law that we review de novo.”
 
 Barclay v Crown Building & Development, Inc,
 
 241 Mich App 639, 642; 617 NW2d 373 (2000). “The rules governing the interpretation of statutes apply with equal force to the interpretation of court rules.”
 
 Yudashkin v Holden,
 
 247 Mich App 642, 649; 637 NW2d 257 (2001).
 

 These court rules clearly indicate that an agreement to waive a previously demanded jury trial can be accomplished by the filing of a writing memorializing the agreement. Such writing was not filed in the case at hand. The court rules also indicate that such an agreement can be expressed “on the record.” We believe this phrase is ambiguous. While it could mean that the agreement can be orally entered into the record, the language does not necessarily limit the method of expression to a verbal declaration or exchange. We believe the “on the record” language also encompasses an expression of agreement implied by the conduct of the parties.
 

 Indeed, the court rules themselves acknowledge that the waiver of the right to a jury trial can be implied by conduct under certain circumstances. For
 
 *108
 
 example, MCR 2.603 indicates that a party is subject to a default judgment if the party fails to appear at trial, even if the right to trial by jury had been previously secured. Under such circumstances, the failure to appear constitutes a waiver of a jury trial on the issue of liability, although the question of damages remains an issue for the jury.
 
 Wood, supra.
 

 This does not mean, however, that the parties cannot also waive the remaining right to a jury trial on the issue of damages. It simply means that the right remains untouched by the failure to appear. Clearly, this right could also be waived if an agreement to do so had been reached. The right is that of the parties, not the judiciary.
 

 We hold that, consistent with the court rules, the subsequent waiver of a properly demanded jury trial can be inferred from the conduct of the parties under a “totality of the circumstances” test. We caution that this examination must always be informed by an awareness of the importance trial by jury plays in our system of justice. See
 
 Dimick v Schiedt,
 
 293 US 474, 485-486; 55 S Ct 296; 79 L Ed 603 (1935).
 
 [2]
 

 
 *109
 
 As previously stated, plaintiff and defendant fully and actively participated in the bench trial on the issue of damages. The trial ranged over a period of sixteen months, and was addressed in five separate hearings. Both parties were given notice that the court would be deciding the damage issue. The defendant and the plaintiffs representative were present and both were represented by counsel. There is no indication in the record that plaintiff or defendant ever objected to the bench trial, nor is there any indication that either party proceeded under protest. Under the circumstances of this case, we believe both parties’ acquiescence to the bench trial evidenced an agreement to waive the secured right.
 
 Southland Reship, Inc v Flegel,
 
 534 F2d 639, 644 (CA 5, 1976). Plaintiff cannot now be heard to complain about the lack of a jury trial on the issue of damages, when by its own unequivocal conduct it waived this right.
 
 Id.; Bass v Hoagland,
 
 172 F2d 205 (CA 5, 1949). This is also in keeping with our longstanding rule against harboring error as an appellate parachute. See, e.g.,
 
 Dresselhouse v Chrysler Corp,
 
 177 Mich App 470, 477; 442 NW2d 705 (1989) (“A party is not allowed to assign as error on appeal something which his or her own counsel deemed proper at trial since to do so would permit the party to harbor error as an appellate parachute.”). Further, it would simply be unfair to allow a party to make a demand for a jury trial, participate without objection in a bench trial, and then attempt to overturn the results by claiming error based on the jury demand.
 

 We also disagree with plaintiff’s assertion that the trial court erred in the actual amount of damages awarded. Plaintiff argues that it presented evidence to
 
 *110
 
 support its claim of damages in the amount of $325,000. Where a court following a bench trial has determined the issue of damages, we review the award for clear error.
 
 Meek v Dep’t of Transportation,
 
 240 Mich App 105, 121; 610 NW2d 250 (2000). We will not “set aside a nonjury award merely on the basis of a difference of opinion.”
 
 Id.
 
 Clear error exists where, after a review of the record, the reviewing court is left with a firm and definite conviction that a mistake has been made.
 
 Jackson Co Hog Producers v Consumers Power Co,
 
 234 Mich App 72, 91; 592 NW2d 112 (1999).
 

 Plaintiff asserts that it provided sufficient proof of the amount claimed and that defendant’s testimony regarding the amount embezzled should not be believed. This is a credibility argument, and we defer to the trial court’s superior position to observe and evaluate witness credibility.
 
 Attorney General ex rel Director of Dep’t of Natural Resources v Acme Disposal Co,
 
 189 Mich App 722, 724; 473 NW2d 824 (1991).
 

 In any event, after reviewing the record, we are not left with a firm and definite conviction that the trial court erred. We agree with the trial court that plaintiff has not met its burden of proof. In effect, plaintiff argued in large part below that because defendant is an admitted wrongdoer, a presumption should be raised that her testimony on the amount taken was incredible, and that plaintiff was accordingly due the damages claimed. The trial court was free to reject this position.
 

 We also agree with the trial court that plaintiff’s other proofs were too speculative to satisfy the award it was seeking. For example, plaintiff asserted that because its postage costs increased during the years
 
 *111
 
 defendant worked for plaintiff and decreased after she was fired, she necessarily must have stolen postage during the years of her employment. The trial court was free to reject this argument as too speculative to support plaintiffs claim of damages related to stolen postage. It does not address any of the other myriad of potential variables that could have affected the increase during the years of defendant’s employment. It is also fallacious to argue that simply because some event occurred after another (a decrease in postage rates following the termination of defendant’s employment), the former is responsible for the latter.
 

 Plaintiff’s claim of lost opportunity costs is similarly speculative. In support of this claim plaintiff presented the testimony of a certified public accountant. However, the accountant’s calculations were entirely based on an unproven amount of lost revenue presented by plaintiff. Accordingly, we reject plaintiff’s contention that the damage award is void.
 

 Finally, plaintiff asserts that the trial court erred in not awarding treble damages pursuant to MCL 600.2919a. Section 2919a reads as follows:
 

 A person damaged as a result of another person’s buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property when the person buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney’s fees. This remedy shall be in addition to any other right or remedy the person may have at law or otherwise.
 

 
 *112
 
 By its clear language, section 2919a does not apply. The actions proscribed — buying, receiving, or aiding in the concealment — all occur after the property has been stolen, embezzled, or converted by the principal. In other words, the statute is not designed to provide a remedy against the individual who has actually stolen, embezzled, or converted the property. Indeed, the statute carefully compartmentalizes the actions of those assisting and the actions of the principal.
 

 This reading of § 2919a is supported by
 
 Hovane-sian v Nam,
 
 213 Mich App 231; 539 NW2d 557 (1995). In
 
 Hovanesian
 
 the plaintiff sued his former landlord for the return of a $675 security deposit.
 
 Id.
 
 at 234. The district court had summarily dismissed the plaintiff’s statutory conversion claim.
 
 Id.
 
 This Court upheld the grant of summary disposition, reasoning that not only did the evidence establish that the defendant had not known that he had wrongfully retained the security deposit, but “[mjoreover, the act of retaining the security deposit did not amount to buying, receiving or aiding in the concealment of stolen, embezzled or converted property.”
 
 Id.
 
 at 237. We believe the same reasoning applies in the case at hand. While wrongful, defendant’s actions did not amount to buying, receiving, or aiding in the concealment of the property involved.
 

 If the Legislature had meant for the statute to also apply to the thief as well as someone who aids him, it could have written the statute to include the thief’s action in possessing or concealing the property. In
 
 People v Kyllonen,
 
 402 Mich 135; 262 NW2d 2 (1978), our Supreme Court was presented with the issue whether the then-current version of MCL 750.535 “provide [d] an alternative statute under which thieves
 
 *113
 
 could be convicted . . .
 
 Kyllonen,
 
 supra at 140. The statutory language at issue proscribed the “ ‘buy[ing], receiving], or aid[ing] in the concealment of any stolen, embezzled, or converted money, goods or property . . .
 
 Id.
 
 at 140, n 1. The
 
 Kyllonen
 
 Court concluded that the language of the statute was clear, and that it was “directed towards those who assist the thief or others in the disposition or concealment of stolen property.”
 
 Id.
 
 at 145. “To interpret the words ‘buys,’ ‘receives’ or ‘aids in the concealment’ of stolen property to mean buying or receiving from one’s self or aiding one’s self in concealment is needlessly to corrupt a forthright and harmonious statute,” the Court observed.
 
 Id.
 

 After
 
 Kyllonen,
 
 the Legislature amended MCL 750.535, inserting the words “possesses” and “conceals” in the list of proscribed behaviors. 1979 PA 11. No similar amendment, however, has been made to MCL 600.2919a in the over twenty years since. Given that “[o]ur Legislature is presumed to know the provisions of existing legislation when it enacts new legislation,”
 
 Robinson v Shatterproof Glass Corp,
 
 238 Mich App 374, 380; 605 NW2d 677 (1999), we conclude that the decision not to amend § 2919a, which covers similar actions with the same terminology, was purposeful and signals the intent that § 2919a not apply to the person who actually steals, embezzles, or converts the property at issue.
 

 We believe the analysis of
 
 Kyllonen
 
 resonates in the case at hand. To interpret the words buying, receiving, or aiding in the concealment of stolen property to mean buying from one’s self, receiving from one’s self, or aiding one’s self in concealment of stolen, embezzled, or converted property is to needlessly
 
 *114
 
 distort and improperly expand the scope of the statute. Accordingly, we find that the trial court did not err in denying plaintiff’s request for treble damages.
 

 Affirmed.
 

 [1]
 

 MCR 2.509(A)(2) states that the trial court has discretion to determine “on motión or on its own initiative ... that there is no right to trial by jury of some or all of’ the issues properly demanded pursuant to MCR 2.508. MCR 2.509(A)(2) is not applicable under the facts of this case.
 

 [2]
 

 As the
 
 Dimick
 
 Court observed:
 

 The right of trial by jury is of ancient origin, characterized by Blackstone as “the glory of the English law” and “the most transcendent privilege which any subject can enjoy.”. . . With, perhaps, some exceptions, trial by jury has always been, and still is, generally regarded as the normal and preferable mode of disposing of issues of fact in civil cases at law as well as in criminal cases. Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.
 
 [Dimick, supra
 
 at 485-486 (citations omitted).]