# STATE OF MICHIGAN

# COURT OF APPEALS

HORIZON IMAGING, LLC,

        Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellant.

UNPUBLISHED
September 10, 2015

No. 322424
Oakland Circuit Court
LC No. 2013-137622-AV

Before: TALBOT, C.J., and WILDER and FORT HOOD, JJ.

PER CURIAM.

In this no-fault insurance action, State Farm Mutual Automobile Insurance Company (State Farm) appeals by leave granted[1] an order of the circuit court affirming the district court's denial of State Farm's motion for summary disposition pursuant to MCR 2.116(C)(6). We affirm.

The instant dispute arises out of an automobile accident in which Delores Jones was injured. Jones received treatment from Horizon Imaging, LLC (Horizon). Jones filed suit against State Farm in Wayne Circuit Court, seeking unpaid no-fault benefits. As part of her suit, Jones sought $10,600 in unpaid medical bills owed to Horizon. Jones's suit was removed to the United States District Court for the Eastern District of Michigan.

Horizon filed a separate suit against State Farm in the 45th District Court, seeking recovery for the same $10,600 in medical bills. While Jones's suit remained pending, State Farm filed a motion to dismiss Horizon's suit pursuant to MCR 2.116(C)(6).[2] The district court denied the motion. State Farm appealed the decision to the circuit court. The circuit court affirmed the district court's decision, agreeing with the district court's conclusion that the parties in the two

---

[1] *Horizon Imaging, LLC v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, entered January 9, 2015 (Docket No. 322424).

[2] Under this rule, summary disposition is appropriate if "[a]nother action has been initiated between the same parties involving the same claim." MCR 2.116(C)(6).

-1-

suits were not the same. State Farm then sought leave to appeal in this Court, and this Court granted leave.[3]

State Farm first argues that the trial court erred by denying its motion for summary disposition pursuant to MCR 2.116(C)(6). We decline to address the issue because it is moot.

As State Farm explains in its appellate brief, State Farm asks this Court to direct the trial court to dismiss Horizon's claim without prejudice pursuant to MCR 2.116(C)(6), so that after Jones's suit has reached a conclusion, Horizon may refile its complaint and pursue its claim against State Farm. However, State Farm also admits that Jones's suit was dismissed pursuant to stipulation on December 17, 2014. Thus, as State Farm states in its appellate brief, "the purpose to be served by a dismissal without prejudice of the instant matter, pending the resolution of [Jones's suit], has been accomplished. The parties are now equipped to litigate the effect of this litigation on the adjudication of Delores Jones'[s] rights in the principal action." In other words, State Farm admits that the issue has been rendered moot. "An issue is moot if an event has occurred that renders it impossible for the court to grant relief. An issue is also moot when a judgment, if entered, cannot for any reason have a practical legal effect on the existing controversy."[4] As Jones's case has been resolved, there would be no purpose to dismissing Horizon's suit without prejudice, only to have Horizon refile its lawsuit against State Farm.

"We generally do not address moot questions or declare legal principles that have no practical effect in a case."[5] However, a moot issue may be reviewed if the issue is "publicly significant, likely to recur, and yet likely to evade judicial review."[6] State Farm argues that, given the length of time it generally takes for a litigant to pursue an appeal, the question presented is likely to recur, yet evade review. The very reason why the issue is moot in this particular case is that before this Court rendered a decision in this matter, State Farm stipulated to dismiss its dispute with Jones. We cannot say that in every case in which the same issue might arise, the first suit filed will be resolved before an insurer would be able to obtain an appellate decision on the issue now before us. Thus, we have no reason to believe that the issue presented will continue to evade appellate review. Accordingly, we decline to address what State Farm admits is a moot issue in this appeal.

State Farm next argues that a healthcare provider such as Horizon has no direct cause of action against an insurance carrier under the no-fault act. As State Farm recognizes, this Court has explicitly held that healthcare providers *do* have direct causes of action against insurance

---

[3] *Horizon Imaging LLC v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, entered January 9, 2015 (Docket No. 322424).

[4] *Barrow v Detroit Election Comm*, 305 Mich App 649, 659; 854 NW2d 489 (2014) (quotation omitted).

[5] *Id*.

[6] *Id*. at 660.

-2-

carriers under the no-fault act.[7]  Because this rule has been expressed in published opinions of this Court, those decisions have precedential effect.[8]  We respectfully decline State Farm's invitation to express any disagreement with those decisions.[9]

Affirmed.

/s/ Michael J. Talbot
/s/ Kurtis T. Wilder
/s/ Karen M. Fort Hood

---

[7] See, e.g., *Wyoming Chiropractic Health Clinic, PC v Auto-Owners Insurance Co*, 308 Mich App 389; 864 NW2d 598 (2014); *Mich Head & Spine Institute, PC v State Farm Mut Auto Ins Co*, 299 Mich App 442; 830 NW2d 781 (2013).

[8] MCR 7.215(C)(2) ("A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis.").

[9] We further note that in the district court, State Farm raised no challenge to Horizon's ability to pursue a direct claim.  In fact, State Farm explicitly stated that Horizon could pursue a direct cause of action against State Farm.  State Farm cannot assign error on appeal to something it deemed proper in the trial court.  *Marshall Lasser, PC v George*, 252 Mich App 104, 109; 651 NW2d 158 (2002).  Thus, even if we were inclined to address the issue anew, we would not do so in this case.