# STATE OF MICHIGAN

# COURT OF APPEALS

In re BACON/WILLIAMSON, Minors.

UNPUBLISHED
March 8, 2018

No. 335062
Macomb Circuit Court
Family Division
LC Nos. 2016-000148-NA,
2016-000187-NA

Before: GLEICHER, P.J., and GADOLA and O'BRIEN, JJ.

GLEICHER, J. (*dissenting*).

The core issue is whether respondent-mother was deprived of her right to an adjudication trial by jury. In concluding that counsel unconditionally waived a jury trial, the majority mischaracterizes the record, omits inconvenient facts, and side-steps the law. The majority fails to disclose that counsel waived a jury only because he and the prosecutor had agreed to transfer the case to a referee, providing both with more time to prepare for trial. The judge unexpectedly nixed this plan, insisting that the referee was unavailable and the matter had to be resolved in short order. Fundamental fairness required reinstatement of the jury demand. I respectfully dissent.

## I

The majority asserts that respondent's counsel voluntarily withdrew a previously filed jury demand and meekly submitted to a bench trial. Nothing could be farther from the truth. What follows is an accurate and complete summary of what really happened. I fully recapitulate the facts not only because the majority fails to do so, but because the law requires us to consider "the totality of the circumstances" surrounding an alleged jury trial waiver. This directive compels a complete understanding of what went on and why. Viewed through that lens, the trial court's error—and the blind eye the majority turns to it—come fully into focus.

## II

At a pretrial hearing on July 21, 2016, a referee acknowledged that counsel intended to file a judge and jury demand and that a judge would try the case "sometime in mid-August." Respondent's counsel complained that he had "a huge problem" with that timeframe, as he had a prepaid vacation scheduled. The referee instructed him to address the scheduling issue with Judge Tracy Yokich, who was assigned to hear the case.

-1-

On July 25, 2016, counsel filed a "Judge/Jury Demand." The demand stated that respondent, through her counsel "hereby demands a trial by jury, pursuant to MCR 3.911."

New counsel, James Bishai, filed an appearance for respondent a few days later. The parties appeared before Judge Yokich on August 2, 2016, for a pretrial hearing. Unfortunately, that hearing was held in the judge's chambers and was not transcribed. The order that followed set the matter for an adjudication jury trial on August 30, 2016, with discovery and witness list exchanges to be completed by August 23, 2016.

The next pertinent pleading was filed on August 29, 2016, one day before the scheduled adjudication trial. It states that respondent, through her counsel, "hereby withdraws her demand for the Formal Docket with a Judge and her Jury Demand in reference to the Adjudicatory Hearing, and to return the matter to the Referee Docket for an Adjudicatory Hearing." The reason for this choice emerged the next day.

The parties appeared before Judge Yokich on August 30, the day set for trial. Bishai represented that he had not received "a lot of information and documents," including information that had been requested by prior counsel but not yet produced by the petitioner. He declared that he "was withdrawing my judge and jury demand and return [sic] the matter to Referee Rittinger's docket." The court advised that the referee was not available to hear the matter, "[s]o it will stay on my docket." The court continued, "If you want to withdraw your jury demand, that's fine. We'll just have the bench trial here."

Bishai then requested that "for bench purposes" the judge recuse herself. When the court inquired whether he had "put that motion in writing," Bishai responded, "Well, I didn't think . . . we were going to resort to a bench trial. I didn't know there was going to be trouble with regard to returning it back to the docket of the referee." Judge Yokich countered that the matter "has to be resolved by September 16, 2016" pursuant to a Supreme Court directive. Bishai responded, "That's unfortunate that they do that because there's an interest of justice too and there's no attempt to try to drag it out in any way or purposely delay the case in any way. There's a lot of documents that, like I said, that I required in order to defend. . . ." The court observed that "[t]he prosecutor didn't have [the documents] either, right? So these are requests that are just taking [a] length of time for everyone I would assume."

Bishai urged that he had only recently obtained some records from the hospital at which respondent delivered her second child and planned to consult a physician about them "to prepare for trial." He then made a formal motion to adjourn and to place the matter on the referee's docket to allow him "the proper time, even within . . . the statutory period[.]" Judge Yokich represented that the referee was "not available from now until when this case needs to be resolved" because "[h]er docket is full." Bishai renewed his adjournment motion, highlighting that he had received some of the Child Protective Services (CPS) documents "just recently in the last couple of days." The court pointed out that no discovery request had been filed with the court, admonishing that "in the future, you need to make those requests through the proper

channels if you expect the court to give you credence that you made them and that they were not responded to in a timely basis."[1]

The prosecuting attorney, Gary Hosbein, objected to any adjournment. Hosbein claimed that he had "almost 40 witnesses" ready to testify that day, but almost immediately retracted that assertion, stating that he had "released a ton of them" based on his belief that "this case can be adjudicated with very minimal testimony[.]" The court denied Bishai's motion to adjourn. Bishai pivoted to his motion to recuse, contending that when the parties met in chambers on August 2, the court made remarks evidencing bias. He continued:

> My concern was when I left here was with a jury demand at least, is it possible to go forward in that manner? Yes. But if this matter were to be reduced to a bench, my concern was is that, and that's why I approved the judge and jury demand because of my concern with your familiarity with the case in that regard which may prevent your Honor from looking at the case in a preponderance manner.

The court denied the motion to recuse but permitted Bishai to appeal its ruling to the chief judge.

Even if the record ended here, it would establish that respondent and her counsel withdrew their jury demand because they wanted an adjournment, and that they most assuredly did not consent to a bench trial before Judge Yokich. They agreed to a referee trial because counsel needed more time. When Judge Yokich prohibited an adjournment, Bishai immediately advised that he never intended to have a bench trial before Judge Yokich, as he viewed her as biased.

Despite this background, the majority insists that respondent and her counsel were content with a bench trial before Judge Yokich, characterizing the pleading titled "Withdrawal of [Respondent's] Judge and Jury Demand and Return to the Referee's Docket" as raising two "unrelated" requests. The record contradicts this interpretation. I do not know how Bishai could have made it any plainer that he wanted more time to prepare and was willing to give up a jury trial to get it. Bishai also emphasized that the worst possible scenario from his client's perspective was the one Judge Yokich forced them into—an immediate bench trial in her courtroom.

The majority's claim that "[i]f the withdrawal of the jury demand were conditioned on transfer to a referee, the motion would have been drafted to reflect that" does not comport with the record. There was no "motion" to withdraw the jury demand, only a document stating in its entirety:

> NOW COMES the Respondent Natural Mother . . . by and through her attorneys, JAMES C. BISHAI, JD, PLLC, and JAMES C. BISHAI, who this day

---

[1] I am puzzled by the trial court's assertion that a discovery request had to be filed with the court before it could be "given[n] credence." MCR 3.922(A) provides that a wide range of materials are discoverable "as of right" in a child protection matter. The court rule does not condition discovery on either the permission of or notice to the trial court.

hereby withdraws her demand for the Formal Docket with a Judge and her Jury Demand in reference to the Adjudicatory Hearing, and to return the matter to the Referee Docket for an Adjudicatory Hearing.

When Bishai appeared before Judge Yokich on August 30, he made the meaning of that document abundantly clear. The record events that followed further refute the majority's characterization of this as an "unconditional" jury waiver.

At a hearing before Chief Judge Biernat, Bishai echoed that "the withdrawal of the judge and jury demand also related to the possibilities of bias that I also wanted to eliminate by keeping it with" the referee. Judge Biernat denied the recusal motion.

Bishai immediately filed a motion for reconsideration. This motion spells out in detail background facts that had not emerged during the August 30 hearing. Those facts, ignored by the majority, repudiate any notion that the request to withdraw the jury demand was somehow unconnected to a transfer to the referee.

Bishai averred that he had been contacted by Tonya Goetz, the assistant prosecuting attorney initially assigned to the case, "about discovery issues with an inquiry of whether or not the demand for Judge and Jury would be withdrawn as it would help with more time to prepare." Bishai recounted that he would decide what to do "after more discovery was received following prosecutor and independent requests." Bishai then agreed to Goetz's proposal, informed Goetz of his decision, and served a demand for additional discovery. His motion asserts, "Assistant Prosecutor Tonya Goetz[] had **no objection** to the withdrawal and move to the Referee docket." (Emphasis in original.) Bishai contended that the prosecutor who appeared on August 29 in place of Goetz confirmed awareness of the discussion between Bishai and Goetz and "that the matter would be moved to the Referee Docket without objection."

The motion further provides that Bishai had "requested a recusal (*which was part of the consideration to move to the Referee docket*). . . ." (Emphasis added.) He also contended that good cause for an adjournment existed because he had received CPS documents "late" and needed to have a doctor review some of the discovery materials. The children's best interests would not be impaired, Bishai argued, because they were in relative placement.

Bishai's reconsideration motion dissolves any possible confusion as to why he sought (in the same pleading) to withdraw his jury demand and to move the matter to the referee's docket. The majority contorts the record to conclude that "because respondent's counsel sought recusal, respondent's counsel clearly believed that the motion to withdraw the jury demand was not conditioned on transfer to the referee, which reflects how the motion was drafted." There was no "motion" and even if Bishai's initial pleading was ambiguous, his motion for reconsideration refutes the majority's interpretation.

The majority also overlooks the order entered by the court following its refusal to grant a transfer to the referee. The order stated in relevant part: "Respondent's motion to withdraw judge/jury request is *denied*. Natural mother's motion to recuse this court is denied. Granted the opportunity to review this decision to the Chief Judge." (Emphasis added.) This order figures prominently in the next day's events.

-4-

Trial began on August 31, 2016. When asked by the court at the outset of the day's proceedings (page 5 of the transcript), "Anything we need to attend to prior to opening statements," Bishai replied that he had "already made my arguments." Hosbein gave an opening statement that consumed all of two pages of transcript. Bishai waived an opening statement and the attorney for the children spoke for one page. When Hosbein called his first witness (page 8), respondent interrupted to state that she was "not okay with the waiver of the jury trial." The court scolded that she could only speak through her attorney. The following ensued:

*The Court*: Mr. Bishai, was there something you wanted to say or make a motion at this point in time or are you going to reserve it for later?

*Mr. Bishai*: Yes. My client has indicated to me that she's not, she thought that I made the demand for judge and jury. You made a ruling yesterday that it's not going to go to Referee Rittinger, that you were going to try it, and you were going to do a bench trial. She thought that we were still having a jury. She's uncomfortable with that. She's indicated to me she doesn't want me to proceed because she thought that it was going to be a jury trial.

*The Court*: So is there a motion there?

\* \* \*

*Mr. Bishai*: The motion is based on what she's discussing with me now. Since we're in the trial, until I take other matters up with the Court of Appeals if that's going to happen, she wants a jury.

*The Court*: Okay. And you understand that we've already started the trial and at this point in time, she can't now again change her mind and demand a jury.

\* \* \*

*Mr. Bishai*: Your Honor, she's still under the understanding that even though whatever rulings were done yesterday, that her jury demand was still intact.

*The Court*: No. If you will show her a copy of the order that was entered yesterday, her request to withdraw the jury was granted and we are going to proceed.

A short time later (approximately 20 transcript pages), Bishai pointed out that the order did not state that the jury "was taken away." Indeed, the order states that the request to withdraw the jury demand had been *denied*. Judge Yokich then changed the order:

*The Court*: Well, then the court will order that the order be modified. That's my recollection of my ruling. Mr. Hosbein [petitioner], you'll make the corrected order?

*Mr. Hosbein*: I will, your Honor. I have the same recollection.

An order dated September 2, 2016 sets aside the orders of August 30 and 31, and further provides: "Respondent's motion to withdraw jury demand is granted. Respondent's motion to withdraw judge is denied for reasons stated on the record."

After approximately a day and a half of testimony, the court ruled that petitioner had established by a preponderance of the evidence statutory bases to exercise jurisdiction over the children.

III

MCL 712A.17(2) establishes a parent's right to a jury at an adjudication trial: "Except as otherwise provided in this subsection, in a hearing other than a criminal trial under this chapter, a person interested in the hearing may demand a jury of 6 individuals. . . ." MCR 3.911(A) reiterates that if an adjudication trial is conducted, the respondent is entitled to a jury. Our Supreme Court has characterized the right to jury trial in child welfare cases as one component of a respondent's right to due process of law. See *In re Sanders*, 495 Mich 394; 852 NW2d 524 (2014).

Respondent and her counsel timely demanded an adjudication trial by judge and jury. They agreed to withdraw that demand if the case was removed from "the Formal Docket" so that it could be heard by a referee. Withdrawal of the judge and jury demand was a necessary prerequisite to presenting the case to a referee, as the court rules affirmatively prohibit a referee from conducting a jury trial. MCR 3.912(A)(1). Respondent had to waive her right to a jury trial to obtain the adjournment her counsel needed.

I readily acknowledge that a parent may waive her right to a jury trial after initially demanding one. But I find no indication in the record that respondent intended to waive a jury trial if a judge tried the case rather than Referee Rittinger.

This Court has held that in determining whether a party has waived the right to a properly demanded jury trial, "a 'totality of the circumstances' test" should be employed. *Marshall Lasser, PC v George*, 252 Mich App 104, 108; 651 NW2d 158 (2002). We explicitly cautioned, however, that "this examination must always be informed by an awareness of the importance trial by jury plays in our system of justice." *Id*. In *Marshall Lasser*, the Court found a waiver because the parties "fully and actively participated in the bench trial" involving damages "over a period of sixteen months," without objection or protest. *Id*. at 109.

The question presented here—whether respondent should be deprived of the care and custody of her children—implicates constitutionally protected rights. A "totality of the circumstances" approach informed by those rights compels me to conclude that respondent did not agree to waive her right to a jury trial unless her motion to transfer the case to a referee was granted. Her counsel persistently objected to a bench trial before Judge Yokich. He repeatedly explained that his "withdrawal" pleading was intended to achieve an adjournment and that he did not consent to a bench trial before Judge Yokich.

I am perplexed by the majority's insistence on recasting the record as reflecting an unconditional jury trial waiver. Although he did not use the majority's magic word— "conditional"—Bishai indisputably communicated that he withdrew the jury demand because he

-6-

needed more time, not because he wanted a bench trial in front of Judge Yokich. The majority asserts that Bishai should have moved to withdraw the withdrawal rather than "argu[ing] that the trial court should recuse herself." This strikes me as pointless Monday-morning quarterbacking. What difference did it make that Bishai opted to argue for recusal rather than to retract his jury trial withdrawal notice? Judge Yokich told him that he had to go to trial without delay. Bishai and his client vehemently objected to a bench trial before Judge Yokich and highlighted that they never intended their jury trial withdrawal to have that result. Sure, he could have said it better. But what he did say was clear enough. Judge Yokich certainly understood it.

The real issue is one of fairness. If Judge Yokich believed an adjournment was impossible, why not allow the jury trial that respondent wanted? Why insist on a bench trial when she knew that respondent considered her to be biased? What procedural or legal goals did that serve? Protecting respondent's statutory rights would have cost the court nothing. Denying them flew in the face of what Judge Yokich knew full well to be true—respondent had not voluntarily agreed to waive a jury in Judge Yokich's courtroom. The majority opinion trivializes a respondent's right to a jury adjudication trial and rewards the trial court's gamesmanship.

The events of the first day of trial confirm my view that Judge Yokich played fast and loose with respondent's rights. Respondent objected to the jury's absence before the first witness called by the prosecution began testifying.[2] Inconveniently for Judge Yokich, respondent's objection was entirely consistent with the order the court had signed but one day before. It was also consistent with the positions that her counsel had taken that day—that neither counsel nor respondent intended to waive a jury trial conducted by Judge Yokich. Unlike in *Marshall Lasser*, there was no acquiescence to a bench trial.

While MCR 2.612(A) permits a court to correct "clerical mistakes" on its own initiative, I submit that the court's initial order was not mistaken. When Judge Yokich signed it, she understood respondent's transfer motion just as I do—a request for a trial before a referee. Judge Yokich recognized that counsel made this election to buy time. Judge Yokich also understood a fact that seems to elude the majority—if the referee option was denied, respondent wanted a jury trial. Bishai's motion to recuse erased any lingering doubts.

The original order denied the motion because Judge Yokich meant to deny the transfer. This was consistent with respondent's August 30 motion, the arguments made, and the court's ruling. The order reflected that the court viewed the "withdrawal" pleading as a package. Denying access to the referee meant denying withdrawal of the jury demand.

Bishai's next move, a motion to recuse Judge Yokich, likely set in motion a regrettable dynamic. The court lost sight of the important right at stake and held respondent to a bench trial commitment that respondent never made. The majority repeats this shameful error.

---

[2] The majority incorrectly asserts: "Respondent's renewed request for a jury trial on the day of trial did not conform to the proper procedure for requesting a jury." Respondent moved to set aside her withdrawal of her jury demand. A motion can be made orally during a hearing or trial. MCR 2.119(A)(1).

I would vacate the first dispositional order and remand for an adjudication trial before a jury.


/s/ Elizabeth L. Gleicher