*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARLON CARTER, Individually and On Behalf of All Others Similarly Situated,

       Plaintiff-Appellee,

v

MICHIGAN STATE POLICE and DIRECTOR OF THE DEPARTMENT OF STATE POLICE,

       Defendants,

and

MICHIGAN CIVIL SERVICE COMMISSION and STATE PERSONNEL DIRECTOR,

       Defendants-Appellants.

UNPUBLISHED
February 21, 2019

No. 341349
Court of Claims
LC No. 17-000154-MZ

MARLON CARTER, Individually and On Behalf of All Others Similarly Situated,

       Plaintiff-Appellee,

v

MICHIGAN STATE POLICE and DIRECTOR OF THE DEPARTMENT OF STATE POLICE,

       Defendants-Appellants,

and

MICHIGAN CIVIL SERVICE COMMISSION and STATE PERSONNEL DIRECTOR,

No. 341594
Court of Claims
LC No. 17-000154-MZ

Defendants.

_____

Before: SWARTZLE, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendants, the Michigan Civil Service Commission, the Michigan State Police, and their respective directors, appeal by right the order of the Court of Claims granting the motion of plaintiff, Marlon Carter, to transfer his case back to the circuit court and denying as moot defendants' joint motion for summary disposition brought under MCR 2.116(C)(7) (immunity granted by law). We affirm.

Plaintiff, who is African American, applied to the Michigan State Police on December 8, 2012, after passing required preliminary tests, but his application was denied because, as characterized by plaintiff, "he had previously accepted a deed in lieu of foreclosure," resulting in a "credit issue." On December 7, 2015, plaintiff filed a proposed class action complaint in Wayne Circuit Court against defendants. He alleged violations of the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*, claiming disparate impact, intentional racial discrimination, and discrimination through failure to monitor the adverse impact of hiring decisions. Plaintiff also sought class certification on behalf of others who were similarly situated. The parties engaged in extensive litigation for about 18 months in the circuit court.

In June 2017, defendants filed notices to transfer the case to the Court of Claims, which effectively accomplished the transfer. MCL 600.6404(3) ("any matter within the jurisdiction of the court of claims . . . pending or later filed in any court must, upon notice of the state or a department or officer of the state, be transferred to the court of claims"). Following a status conference, the Court of Claims ordered that plaintiff's motion for class certification was due by July 14, 2017. On that date, plaintiff filed motions for class certification and for leave to amend his complaint to add claims for equitable relief and damages. On July 28, 2017, defendants filed a joint motion for summary disposition under MCR 2.116(C)(7). Plaintiff disputed the motion, withdrew his motion to amend, and sought transfer back to the circuit court. The Court of Claims granted plaintiff's motion to transfer the case back to the circuit court and denied defendants' motion for summary disposition as moot. This appeal followed.

Defendants first argue that the state has sovereign immunity from trial by jury under the ELCRA. Defendants present this argument in an effort to keep the case within the exclusive jurisdiction of the Court of Claims. In *Doe v Dep't of Transp*, 324 Mich App 226, 231; 919 NW2d 670 (2018), this Court held that "the Legislature waived the state's immunity from jury trial in actions brought under the ELCRA."[1] The Court concluded that "because plaintiff was

_____

[1] We also note that in *Does v Dep't of Corrections*, 323 Mich App 479, 490; 917 NW2d 730 (2018), this Court similarly held that "the law is clear that governmental immunity does not apply to ELCRA claims."

entitled to a jury trial against defendant in her action under the ELCRA, the Court of Claims had concurrent jurisdiction with the circuit court by virtue of MCL 600.6421(1)[;] [t]herefore, the Court of Claims did not err by transferring the case back to the circuit court." *Id.* at 232. *Doe* was issued after defendants filed their initial appellate brief in this case. In their reply brief, which was filed after *Doe* was released, defendants ask us to disagree with *Doe* and convene a special conflict panel pursuant to MCR 7.215(J)(2) and (3). We decline defendants' invitation, especially considering that our Supreme Court unanimously denied leave to appeal in the *Doe* case in October 2018. *Doe v Dep't of Transp*, 503 Mich 876 (2018). Thus, even assuming we disagree with *Doe*, we must conclude that convening a special panel at this point would be an exercise in futility. Accordingly, we need not engage in any further analysis of this issue.

Next, defendants contend that the Court of Claims erred when it determined that plaintiff did not waive his right to a jury trial. According to defendants, if plaintiff waived his right to trial by jury, he would not be entitled to a jury trial and, therefore, would not be entitled to a transfer to the circuit court. See MCL 600.6419(1) ("Except as provided in section[] 6421 . . ., the jurisdiction of the court of claims, as conferred upon it by this chapter, is exclusive."); MCL 600.6421(1) ("Except as otherwise provided in this section, if a party has the right to a trial by jury and asserts that right as required by law, the claim may be heard and determined by a circuit, district, or probate court in the appropriate venue.").

In *Marshall Lasser, PC v George*, 252 Mich App 104, 107-108; 651 NW2d 158 (2002), this Court observed:

> These court rules [MCR 2.508(D)(3) and MCR 2.509(A)(1)] clearly indicate that an agreement to waive a previously demanded jury trial can be accomplished by the filing of a writing memorializing the agreement. Such writing was not filed in the case at hand. The court rules also indicate that such an agreement can be expressed "on the record." We believe this phrase is ambiguous. While it could mean that the agreement can be orally entered into the record, the language does not necessarily limit the method of expression to a verbal declaration or exchange. We believe the "on the record" language also encompasses an expression of agreement implied by the conduct of the parties.

> Indeed, the court rules themselves acknowledge that the waiver of the right to a jury trial can be implied by conduct under certain circumstances. . . . .

> * * *

> We hold that, consistent with the court rules, the subsequent waiver of a properly demanded jury trial can be inferred from the conduct of the parties under a "totality of the circumstances" test. We caution that this examination must always be informed by an awareness of the importance trial by jury plays in our system of justice.

In the instant case, plaintiff initially demanded a trial by jury, and he engaged in litigation in the circuit court for nearly two years before the case was transferred to the Court of Claims. After the case was transferred, plaintiff participated in the proceedings for about three months:

he filed a motion to amend the complaint to add equitable and damage claims; he requested the court to enter judgment in favor of plaintiff, and he mentioned looking forward to continuing the case in the Court of Claims. But plaintiff's primary argument in requesting a transfer of the case back to the circuit court was that he had a right to a jury trial on the ELCRA claims. And plaintiff simultaneously withdrew his request to amend the complaint.

We think it important to keep in mind that this case was transferred from the circuit court to the Court of Claims not at the behest of plaintiff, but rather through defendants' unilateral demand under the authority set forth in MCL 600.6404(3). We conclude that plaintiff did not waive his right to a jury trial, explicitly or implicitly, where it cannot be inferred that the right was waived based on his conduct under a "totality of the circumstances." The relatively brief period the case was in the Court of Claims, especially when viewed in context with the circuit court proceedings, and plaintiff's innocuous acts do not suggest that he intended to waive his right to a jury trial. Compare *Marshall Lasser*, 252 Mich App at 109 (waiver of right to jury trial occurred where the plaintiff and the defendant fully and actively participated in a bench trial on damages that was conducted over a period of sixteen months). In sum, and remembering the importance trial by jury plays in our system of justice, we are not left with a firm and definite conviction that the Court of Claims erred in finding that plaintiff did not waive his right to a jury trial. *Id.* at 108, 110.

Finally, defendants argue that the Court of Claims should have granted their motion for summary disposition on the basis that plaintiff had not filed a notice of intent to file a claim as required by MCL 600.6431(1).[2] The Court of Claims found that the argument was moot, and defendants fail to address the mootness ruling. "When an appellant fails to dispute the basis of a lower court's ruling, we need not even consider granting the relief being sought by the appellant." *Denhof v Challa*, 311 Mich App 499, 521; 876 NW2d 266 (2015). Indeed, defendants fail to provide any legal analysis or reasoning with respect to the question of MCL 600.6431(1)'s continuing relevance or application in light of the procedural posture of the case. It is insufficient for an appellant to simply announce a position or assert an error and then leave it up to us to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority to sustain his position. *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998).

---

[2] MCL 600.6431(1) provides:

> No claim may be maintained against the state unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.

We affirm.  Having fully prevailed on appeal, plaintiff is awarded taxable costs under MCR 7.219.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ Amy Ronayne Krause