*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

RAYSE BIGGS,

        Plaintiff-Appellee,

v

JOAN BELGRAVE,

        Defendant-Appellant.

UNPUBLISHED
October 22, 2020

No. 348394
Wayne Circuit Court
LC No. 17-002736-CZ

Before: METER, P.J., and SHAPIRO and RIORDAN, JJ.

PER CURIAM.

Defendant appeals the trial court's entry of judgment in favor of plaintiff following a bench trial. We affirm.

## I. BACKGROUND

Plaintiff and defendant's late husband, Marcus Belgrave, had been friends since 1967. In 2014, plaintiff separated from his wife and began living with defendant and Marcus in their Ann Arbor home. Plaintiff became aware that the couple had a house in Detroit located at 3981 Guilford Street, which they had been using as a rental property. Defendant and Marcus agreed that beginning in January 2015 plaintiff would take possession of the Guilford property and be allowed to stay there rent free provided he pay the homeowners' insurance and property taxes. Plaintiff found the property in poor condition and began making improvements, which defendant and her husband were aware of. Before moving to the property, plaintiff helped take care of Marcus the last weeks of his life while defendant was with her daughter in New York. Following Marcus's death, plaintiff moved into the Guildford home in May 2015.

It was plaintiff's understanding that he would eventually purchase the home. In January 2016, the parties began discussing plaintiff's purchase of the property, and although plaintiff claimed he never agreed to a purchase price, the trial court found that he and defendant agreed to a purchase price of $26,000. Like the rental agreement, the parties never reduced the purchase agreement to writing. In March 2016 plaintiff began making a series of payments to defendant. In total, he paid defendant $8,000 toward the purchase of the Guilford home. In addition, plaintiff

-1-

claimed that he made over $19,000 in repairs and improvements to the property, including adding a dishwasher, installing new windows, and remodeling the bathroom.

In August 2016, plaintiff informed defendant that he no longer wanted to purchase the property, at least not at the price she was asking. Plaintiff did not pay the insurance or taxes for the property in 2016 and after eviction proceedings he left the residence in January 2017. Defendant sold the property for $26,000 shortly thereafter. Plaintiff filed suit in February 2017, alleging unjust enrichment as well as other claims.[1] He sought recovery for the repairs and improvements he claims he made to the Guilford home in addition to repayment of the money he paid toward purchasing the property.

After a bench trial, the trial court awarded plaintiff $10,600 in damages plus interest and costs. The award of damages was based on improvements to the home ($6,600) and half of the payments that plaintiff had made toward the purchase price ($4,000). This appeal followed.[2]

## II. DISCUSSION

"Unjust enrichment is an equitable doctrine." *AFT Michigan v Michigan*, 303 Mich App 651, 677; 846 NW2d 583 (2014). Under this doctrine, in the absence of an express contract, courts may imply a contract "in order to prevent unjust enrichment when one party inequitably receives and retains a benefit from another." *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 194; 729 NW2d 898 (2006).

Defendant argues the trial court erred when it granted plaintiff equitable relief because his own inequitable conduct barred any recovery. This argument plainly refers to the doctrine of unclean hands, which precludes equitable relief to a party "tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the [opposing party] . . . ." *Varela v Spanski*, 329 Mich App 58, 73-74; 941 NW2d 60 (2019) (quotation marks and citation omitted; alteration by *Varela*). See also *Attorney Gen v PowerPick Player's Club of Mich*, 287 Mich App 13, 52; 783 NW2d 515 (2010) ("It is well settled that one who seeks equitable relief must do so with clean hands.").

Defendant argues that plaintiff has unclean hands because he walked away from the agreement to purchase the Guilford property, failed to pay taxes and insurance in 2016, and made disparaging comments about defendant. However, the trial court considered those facts when it determined the amount of plaintiff's damages. For example, plaintiff paid defendant $8,000 toward the purchase of the property, but the court only awarded $4,000 because he failed to pay the property taxes and insurance for 2016. Thus, the trial court acknowledged that plaintiff was

---

[1] All other claims against defendant were dismissed by the trial court following defendant's motion for summary disposition under MCR 2.116(C)(10). Plaintiff did not appeal the dismissal of those claims.

[2] After a bench trial, we review a trial court's factual findings for clear error and review de novo its conclusions of law. *Ligon v Detroit*, 276 Mich App 120, 124; 739 NW2d 900 (2007).

-2-

partly to blame for the conflict between the parties and took this into account when fashioning its remedy. Given that the trial court carefully weighed the equities of the case, we see no basis to reverse the court's determination that plaintiff was entitled to some relief.

Defendant also argues that the evidence at trial did not support the trial court's award of damages.[3] "[D]amages that are speculative or based on conjecture are not recoverable." *Chelsea Inv Group LLC v Chelsea*, 288 Mich App 239, 255; 792 NW2d 781 (2010). "However, it is not necessary that damages be determined with mathematical certainty; rather, it is sufficient if a reasonable basis for computation exists." *Id.* "We will not set aside a nonjury award merely on the basis of a difference of opinion." *Marshall Lasser, PC, v George*, 252 Mich App 104, 110; 651 NW2d 158 (2002).

Defendant emphasizes that the trial court found issues with the credibility of plaintiff's witness, Anthony Benson, the contractor who made some of the repairs and improvements to the Guilford home and testified to the cost thereof. While the trial court did not believe Benson about the amounts he charged plaintiff, there was no dispute among the parties during trial that the repairs and improvements added value to the property. The improvements were shown in photographs admitted into evidence, and there was no objection to the trial judge relying on her common sense and experience in deciding the added value. Moreover, defendant also called a contractor as a witness who testified that the value of plaintiff's repairs and improvements to the property were between $3,900 and $5,750. The trial court awarded plaintiff $6,600 for the work done, which was in line with the defense witness's estimates and substantially less than plaintiff claimed. Given that evidence, it cannot be said that the trial court's findings were clearly erroneous.

Affirmed. As the prevailing party, plaintiff-appellee may tax costs. MCR 7.219(A).

/s/ Patrick M. Meter
/s/ Douglas B. Shapiro
/s/ Michael J. Riordan

---

[3] While defendant argues that the trial court's verdict was against the great weight of the evidence, that standard is not applicable to civil bench trials. See *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 652 n 14; 662 NW2d 424 (2003). Instead, factual findings made after a bench trial, including a determination of damages, are reviewed for clear error. See *Chelsea Inv Group LLC v Chelsea*, 288 Mich App 239, 255; 792 NW2d 781 (2010); *Marshall Lasser, PC, v George*, 252 Mich App 104, 110; 651 NW2d 158 (2002). "Clear error exists where, after a review of the record, the reviewing court is left with a firm and definite conviction that a mistake has been made." *Marshall Lasser, PC*, 252 Mich App at 110.