*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GERALD DUBAY,

        Plaintiff-Appellant,

v

TRACTOR SUPPLY COMPANY,

        Defendant-Appellee.

UNPUBLISHED
June 27, 2024

No. 366134
St. Clair Circuit Court
LC No. 21-001302-NO

Before: MARKEY, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

Plaintiff fell in a bathroom at defendant's store and suffered injuries. The trial court dismissed plaintiff's lawsuit under MCR 2.116(C)(10). We affirm.

Plaintiff alleged that, on the day of the incident, he went to defendant's store to return an item and then went directly to the bathroom. Plaintiff did not see any issues within the store. Plaintiff took two or three steps into the bathroom and slipped, purportedly on water that was on the floor. When he left the bathroom, plaintiff saw employees with mops. As a result of his fall, plaintiff suffered a dislocated shoulder; pain in his left knee, side, and ankle; and two broken toes.

Plaintiff sued defendant, alleging one count of negligence and one count of premises liability. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff's claim was exclusively one of premises liability and that plaintiff could not establish that defendant had notice of the condition.[1] In support of its motion, defendant included discovery showing that employee Steven Repp was waiting outside of the bathroom to mop when he heard noise inside and then saw plaintiff come out of the bathroom. Repp stated that "there were only a few small drops of water as if someone might have shaken off their hands" and not enough to cause someone to fall.

---

[1] Defendant additionally argued in the trial court that the hazard was "open and obvious." Defendant no longer relies on that defense on appeal.

In response, plaintiff denied that the claim solely sounded in premises liability and argued that there was a question of fact whether defendant had constructive notice of the hazard. In reply, defendant relied on its answers to discovery, in which it explained that "its employees regularly inspect all areas of the store" and that employees were trained to "report and address any safety-related problems or issues as soon as possible." Defendant stated that it had identified eight employees responsible for inspecting the store and immediately cleaning spills on the day of the incident, but plaintiff had not deposed them.

At a hearing on the motion, plaintiff's counsel agreed with the trial court that the case was solely one of premises liability. Plaintiff argued, however, that defendant had a duty to engage in reasonable inspections and that the question of the reasonableness of the inspections was for a jury. Plaintiff argued that the fact that this incident occurred in a bathroom with a sink made the hazard of a character that defendant should have known of it. Defendant responded that, under plaintiff's theory, even if employees inspected the bathroom every 10 minutes, if another person used the bathroom and created a hazard two minutes or 30 seconds before plaintiff fell, there would be strict liability in a bathroom setting. Defendant argued that plaintiff could not describe how the floor looked and had no information on the duration the water had been on the floor.

The trial court found that plaintiff had not established a question of fact in regard to constructive notice and granted defendant's motion. Plaintiff moved for reconsideration, which the trial court denied.

Plaintiff now appeals.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St. Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citation omitted). When deciding a motion for summary disposition under MCR 2.116(C)(10), this Court considers the evidence submitted in the light most favorable to the nonmoving party. *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632 (citation omitted).

"In a premises liability action, liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Jahnke v Allen*, 308 Mich App 472, 475; 865 NW2d 49 (2014) (cleaned up). "Land possessors owe a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 112; 1 NW3d 44 (2023) (cleaned up). "A premises owner breaches its duty of care when it knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016) (cleaned up). An invitee plaintiff must show that a defendant had actual or constructive notice of the dangerous condition, and a defendant is entitled to summary disposition when there is no question of fact that the defendant lacked notice. *Id*. at 10. Constructive notice means that "the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Id*. at 11-12. A defendant need not "go beyond showing the insufficiency of plaintiff's evidence" about whether defendant had notice, and is not required to "present evidence of a routine or reasonable inspection" to establish a lack of constructive notice. *Id*. at 9-10.

Plaintiff has presented no evidence or argument that defendant had actual notice of the potentially hazardous condition, so the question is whether defendant had constructive notice. First, there is no evidence that the water was of such a character that a reasonable premises possessor would have been aware of it. See *id*. at 11-12. Although plaintiff did not see the water before he fell and provided limited information about its character, plaintiff argues that the bathroom had a sink, toilet, and drain, and there would be no reason for defendant to have a drain on the floor if defendant did not expect there to be water. As defendant argues, however, water is capable of accumulating on a bathroom floor, "warranting the installation of a drain," but this does not create constant constructive notice of any and all accumulation of water.

In response to defendant's motion for summary disposition, plaintiff had the burden of presenting "more than conjecture and speculation to meet [his] burden of providing evidentiary proof establishing a genuine issue of material fact." *Libralter Plastics, Inc v Chubb Group of Ins Cos*, 199 Mich App 482, 486; 502 NW2d 742 (1993). Plaintiff presented no evidence that the sink or toilet had previously leaked, or that there was any indication that the bathroom floor was otherwise of a condition that it would predictably pose a danger. There is no evidence in the record that defendant had knowledge of any specific issue with the bathroom, whether in this particular incident or at any other time.

Additionally, plaintiff has not shown that the water had been present for so long that defendant should have been aware of it. See *Lowrey*, 500 Mich at 11-12. According to plaintiff's deposition testimony, he had not been in the store for long. For all that the record establishes, the water may have been on the floor for only 30 seconds before plaintiff fell, and there would be no basis to find that defendant would have discovered it with even frequent, thorough inspections. See *Albitus v Greektown Casino, LLC*, 339 Mich App 557, 565; 984 NW2d 511 (2021).

Plaintiff argues that defendant did not have a proper inspection policy, but our Supreme Court has held that a defendant need not establish that such a policy exists to show a lack of constructive knowledge. See *Lowrey*, 500 Mich at 10. Regardless, defendant presented evidence that its employees engaged in regular inspections of the store and that an employee was waiting to mop when plaintiff left the bathroom. Plaintiff admitted that he saw several employees after leaving the bathroom, and their presence there does not support plaintiff's argument that employees were neglecting the bathroom. Therefore, plaintiff, who did not depose anyone in this case, did not meet his burden of showing a question of fact about defendant having constructive notice of the hazard.

Plaintiff also argues on appeal that he properly raised a negligence claim in addition to premises liability. Plaintiff's counsel agreed with the trial court, however, that the case sounded solely in premises liability. Therefore, this Court need not address the negligence claim. See *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011); *Marshall Lasser, PC*, 252 Mich App 104, 109; 651 NW2d 158 (2002). Regardless, plaintiff's claim in this case relates to the condition of the bathroom and does not support an independent negligence claim. See *Nathan, Trustee of*

*Estate of Charles v David Leader Mgt, Inc*, 342 Mich App 507, 512; 995 NW2d 567 (2022).

Affirmed.

/s/ Jane E. Markey
/s/ Brock A. Swartzle
/s/ Philip P. Mariani